<span>BILLINGSLEY *v.* GROVES.</span>

----

### BILLINGSLEY *v.* GROVES.

Where a judgment is rendered against a defendant for a trivial amount too much, but he appears to have contributed to the result by design or carelessness, it will not be reversed.

Nov. Term,   APPEAL from the *Ohio* Circuit Court.
1854.
       PERKINS, J.—Suit before a justice of the peace on an

BILLINGSLEY account, as follows:
v.
GROVES.   "*Job Billingsley* to *Martin Groves*, Dr.   To two

Tuesday,      months and four and a half days' work done for
December 12.  him at the rate of twelve dollars and a half per

month.................................................. $26 20
Cr. By cash paid..................................    8 50
                                       ——————

Yet due me at this date..................... $17 70
   *June* 22, 1852.   *Martin Groves.*"

Judgment before the justice for the plaintiff for 14 dollars and 25 cents.

Appeal to the Circuit Court.

The evidence was there adduced before a jury, and the defendant demurred to it.   The plaintiff joined in demurrer.   The defendant then requested that it might go to the jury for the purpose of enabling them to return a special verdict responsive to these three questions:

"1. How long did plaintiff work for defendant?

"2. What damages has the defendant sustained, if any, by plaintiff leaving his employ before the expiration of the time he had contracted to work?

"3. What damages, if any, is the plaintiff entitled to recover?"

The jury answered:

" We, the jury, find that the plaintiff worked for the
defendant two months..................... $25 00
" That the defendant sustained damage......... 10 00
                                       ——————

                                 $15 00
" Leaving a balance of 15 dollars in favor of the plaintiff, for which we find a verdict."

No motion for a new trial was interposed, and no objection of any kind was made to the verdict, upon which the Court rendered judgment for the plaintiff for 15 dollars and the costs, then amounting to 90 dollars.   No exception was taken to the judgment.

No brief has been furnished, but the ground of com-

plaint in this Court, as appears by the assignment of errors, is, that the 8 dollars and 50 cents credited on the account sued on, were not deducted from the plaintiff's demand before judgment was rendered.

It is very evident that they should have been; but that they were not so deducted was, as is equally clear, the fault of the defendant. He seems to have had the trial pretty much his own way, and he neglected, from design or carelessness, to call the attention of either the jury or Court to the credit in question. This being the case, and the sum being trivial, this Court will not reverse the judgment, to protract litigation in the cause by a new trial. "The play is not worth the candle." "*De minimis non curat lex.*" The most familiar instances of the application of this maxim are in cases of small amounts in controversy. Broom's Legal Maxims 106.

We intimate no opinion as to the right of the defendant below to recover back the sum paid, and not allowed in that suit, in a separate action.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*E. Dumont*, for the appellant.