GOLDSMITH ET AL. v. CHIPPS.

[No. 19,009. Filed January 5, 1900.]

PRACTICE.— *Pleading.* — *Defective Demurrer.* — *Abatement.*— Where the facts stated in an answer in abatement were insufficient to abate the action, the action of the court in sustaining a demurrer thereto was harmless, although the demurrer was so defective in form that it could have been disregarded by the court. *pp. 28, 29.*

PLEADING.—*Demurrer to Answer in Abatement.*—A demurrer to an answer in abatement does not search the record, and cannot be carried back and sustained to the complaint. *p. 29.*

From the Vanderburgh Superior Court. *Affirmed.*

*S. R. Hornbrook, W. M. Wheeler* and *E. Q. Lockyear,* for appellants.

*A. L. Doss, J. T. Walker* and *J. T. Cutler,* for appellee.

MONKS, J.—Appellee recovered a judgment and decree of foreclosure in the court below. Appellants Goldsmith and Goldsmith filed, at the proper time, an answer in abatement in two paragraphs, and appellee's demurrer thereto was sustained as to the first paragraph, and overruled as to the second. Appellants insist that the court erred in sustaining the demurrer to the first paragraph of the answer in abatement for two reasons: "(1) The demurrer is a joint demurrer, and challenges the answer in abatement as an entirety, and not each paragraph separately; (2) the form of the demurrer is deficient in this,—that the grounds are that the facts stated in neither of said paragraphs of said plea are sufficient to avoid plaintiff's complaint herein filed."

It will be observed that appellants do not claim that the facts stated in said first paragraph of answer in abatement were sufficient to abate the action, but only that the same was not, for the reason stated, challenged separately by the demurrer filed. If the facts stated in said first paragraph were insufficient to abate the action, as we think they were, and which appellants admit by their failure to urge the

sufficiency thereof, the action of the court in sustaining the demurrer thereto was harmless, even if the demurrer failed to challenge separately the sufficiency of said paragraph, and was so defective in form that it could have been disregarded by the court. *Wayne Pike Co.* v. *Hammons*, 129 Ind. 368, 378; *Blue* v. *Capital National Bank*, 145 Ind. 518; *Board, etc.*, v. *Gruver*, 115 Ind. 224, 231; *Palmer* v. *Hayes*, 112 Ind. 289, 291; *Hildebrand* v. *McCrum*, 101 Ind. 61, 64, 65.

A demurrer to an answer in abatement does not search the record, and can not be carried back and sustained to the complaint. *Indiana, etc., R. Co.* v. *Foster*, 107 Ind. 430, 432, and cases cited; 6 Ency. Pl. & Pr. 332.

Judgment affirmed.