CITY OF HUNTINGTON v. AMISS ET AL.

[No. 20,677. Filed November 23, 1906.]

1. EMINENT DOMAIN.—*Drains.*—*Public Use.*—The condemnation of private property for drainage purposes constitutes a taking for a public use. p. 378.

2. MUNICIPAL CORPORATIONS. — *Waters.* — *Drains.*—*Statutes.*— *Construction.*—Section 3598 Burns 1901, Acts 1891, p. 304, §1, providing that cities may construct drains as inlets or outlets into or out of any parts of such cities, when construed liberally as is required by §3603 Burns 1901, Acts 1891, p. 304, §6, gives such cities power to divert a natural watercourse.   p. 378.

3. SAME.—*Drains.*—*Assessments.*—*Waters.*—A city has the power under the act of 1891 (Acts 1891, p. 304, §§3598-3606 Burns 1901) to assess the benefits and damages to property owners for the diversion of a natural watercourse changed for the purposes of the drainage of such city.   p. 379.

4. DRAINS.—*Statutes.*—*Repeal.*—*Saving Clause.*—The drainage law of 1891 (Acts 1891, p. 304, §§3598-3606 Burns 1901) was repealed by the act of 1905 (Acts 1905, p. 456, §§5622-5635 Burns 1905), but pending proceedings were not affected thereby because of the saving clause therein (Acts 1905, p. 456, §14, §5635 Burns 1905).   *Clemans* v. *Hatch,* 168 Ind. —, followed.   p. 379.

5. MUNICIPAL CORPORATIONS.—*Drains.*—*Assessments.*—*Committee.*—*Members.*—*Qualifications.*—*Failure to Object.*—*Waiver.*— The failure of interested property owners to object to the members of a committee to make assessments for the drainage of a city under §3598 Burns 1901, Acts 1891, p. 304, §1, because of disqualification, before such committee made its report to the common council, is a waiver of their right to raise such objection.   p. 379.

6. PLEADING.—*Demurrer.*—*Defective.*—*Overruling.*—*Appeal and Error.*—Reversible error cannot be predicated upon the overruling of a defective demurrer.   p. 381.

7. SAME.—*Demurrer.*—*Defective.*—*Sustaining to Bad Answer.*— *Appeal and Error.*—Sustaining a defective demurrer to a bad pleading does not constitute reversible error.   p. 381.

8. APPEAL AND ERROR.—*Pleading.*—*Demurrer.*—*Right Result.*— Where the trial court in its rulings on the pleadings reaches a right result, the judgment will not be disturbed.   p. 381.

From Huntington Circuit Court; *Hiram Brownlee,* Special Judge.

Petition by the City of Huntington, against which Joseph G. Amiss and others remonstrate. From a judgment for defendants, plaintiff appeals. *Reversed.*

*Spencer & Branyan* and *W. A. Branyan,* for appellant.
*Samuel E. Cook* and *Roscoe A. Kaufman,* for appellees.

MONKS, J.—Appellant brought this proceeding under the act of 1891 (Acts 1891, p. 304, §§3598-3606 Burns 1901) to secure an inlet and an outlet for the drainage of said city. A demurrer to the petition was filed, which set forth as grounds therefor: (1) The court has no jurisdiction of the subject-matter of said action and petition. (2) Said petition does not state facts sufficient to constitute a cause of action. A motion to "dismiss and strike out all the proceedings" was filed by James F. Bippus and Sarah Bippus, on the grounds: "(1) That there is no law providing for the construction of the drain as herein prayed for; (2) the court has no jurisdiction of the subject-matter of said action and petition." The court sustained said demurrer to said petition, and the motion to "dismiss and strike out all of the proceedings," and rendered final judgment against appellant.

The errors assigned call in question the action of the court in sustaining said demurrer to the petition, and the action of the court in sustaining said motion.

It appears from the petition that a stream known as "Rabbit run" runs from east to west through the south part of the city of Huntington, and empties into Little river west of the city limits. The river mentioned runs from east to west through the central part of said city. It is proposed by this proceeding to construct a drain commencing at a point east of the city limits and running in a northwesterly direction to Little river at a point within the city limits, and thereby divert the water of said Rabbit run and empty the same into said river about one and one-half miles above the present mouth of said run. This is the "inlet" mentioned in the petition. The "outlet" described commences on the western boundary of the city, near where Rabbit run crosses the same, and runs in a westerly direction to Little river, which is the "outlet" prayed for. It is alleged in the petition that the construction of said "outlet" and "inlet" is necessary effectually to drain said city.

Appellees insist that the court below had no jurisdiction of this proceeding, for the reasons (1) that the act of 1891, *supra,* did not empower said court or the common council of appellant to change or divert Rabbit run, a natural watercourse; (2) that said act gave no authority to change or divert said natural watercourse outside the city limits; (3) that said act of 1891 does not authorize the assessment of appellees' land for diverting a watercourse; (4) that said act of 1891 was repealed by section fourteen of the act of 1905 (Acts 1905, p. 456, §5635 Burns 1905), without saving pending proceedings.

Section one of said act of 1891 (§3598, *supra*) provides: "That whenever the common council of any city shall find it necessary for the successful drainage of said city to construct any drain as an inlet or as an outlet, leading into or out of said city, they shall cause a survey," etc. After all the preliminary steps required are taken, it is provided that the common council of the city may file a petition in the circuit court of the county, setting forth, among other things, "that such inlet or outlet is necessary effectually to drain said city."

It has been uniformly held by this court that the taking of private property authorized by the drainage laws of this State was for a public and not a private use. *Poundstone* v. *Baldwin* (1896), 145 Ind. 139, 141, and cases cited; *Heick* v. *Voight* (1887), 110 Ind. 279, 284, 285.

It is evident that effectually to drain a city it may be necessary to divert a natural watercourse, as is proposed in this case, and thus relieve the city of the burden of the water so diverted. Section six of said act of 1891 (§3603 Burns 1901) provides: "This act shall be liberally construed to promote the drainage of cities, the reclamation of wet lands, and the improvement of the public health." So construed, it is clear that a watercourse may be diverted and carried into the city limits by

means of the "inlet," as is proposed in this case. The primary object of said act of 1891 was the drainage of cities, and for this purpose watercourses may be diverted by changing their channels so as to constitute an "inlet or outlet" for the drainage of a city. The power to divert a watercourse is a mere incident of the power 3. of drainage, and said act of 1891 gave full authority to assess benefits and damages for such diversion of a watercourse. Such a proceeding is clearly within the purview of said act, as shown by its provisions and by its title. It was said by this court in *City of Valparaiso* v. *Parker* (1897), 148 Ind. 379, 381, concerning said act of 1891, that it contemplates such drainage as "is and may be used for the removal of surface and storm water, the overflow of fountains, cisterns, public hydrants, water troughs, water-closets, sinks, all filth and refuse liquids, and the diversion of natural watercourses."

It is true, as claimed by appellees, that the act of 1891, *supra,* under which this proceeding was brought, was repealed by §5635, *supra;* but as the same was pending in the court below when the act of 1905, *supra,* 4. took effect, we hold, upon the authority of *Clemans* v. *Hatch* (1907), 168 Ind. —, 78 N. E. 1065, that the same was saved from the effect of said repeal by §5635, *supra,* and may be completed under said act of 1891, the same as if said act of 1905 had not been passed. It follows that the court erred in sustaining the demurrer to the petition and the motion to "dismiss and strike out all the proceedings."

After the petition had been docketed in the court below certain appellees filed what is designated as a plea in abatement, setting up in effect that two of the committee 5. "appointed by the city to view said lands and estimate the benefits and damages in said cause were not disinterested freeholders or householders of said county," as required by said act of 1891. Appellant filed

a demurrer to said plea in abatement, which was sustained by the court. This action of the court is called in question by the cross-errors assigned by the appellees, who filed said plea in abatement.

Appellant contends that said appellees should have presented said objections to the qualifications of the members of the committee to make assessments at the earliest opportunity, and as this was not done the same was waived. *City of Valparaiso* v. *Parker, supra.* It was said in that case at page 383: "It is the general rule that such objections must be made at the earliest opportunity, so that the proceedings shall not be allowed to proceed to a fruitless result with accumulation of cost; and if not so made they will be deemed to be waived. *Bradley* v. *City of Frankfort* (1885), 99 Ind. 417, 421, and cases cited; Mills, Eminent Domain (2d ed.), §227, and cases cited; Lewis, Eminent Domain, §407."

Section 3598, *supra,* requires that before the petition is filed by the city the city shall appoint a committee of three disinterested householders or freeholders of said county to view the proposed inlet or outlet and the lands without the city to be affected thereby, and assess the benefits and damages to said lands, including the benefits to the city and the benefits to any highways affected thereby, and that the owners of said lands shall be given three days' notice of when the committee will view said inlet or outlet and said lands, and they are requested to be present with the right to be heard for or against any assessment that shall be made or proposed to be made against said lands. Appellees who filed said plea in abatement had the right to appear before said committee and object to the members of said committee on the grounds set forth in said plea in abatement, and otherwise protect their rights. They made no objection to any of the members of the committee until after the committee had reported to the common council of said city and the petition for the drainage of said city had been docketed.

As was said in *City of Valparaiso* v. *Parker, supra,* where the question was the same as here: "Having failed to make said objection at the first opportunity, the same, even if tenable, was waived."

Appellees insist, however, that said demurrer should have been overruled, because the alleged demurrer did not

6. "state any ground of demurrer known to our practice, and was so defective in form as not to present any question as to the sufficiency of the plea in abatement." Appellees cite a number of cases which hold that when the demurrer states a ground of demurrer not known to our code, the demurrant has no just reason to complain if the court overrules it. These cases have no application here, because in this case the demurrer was

7. sustained. Where the demurrer states no ground of demurrer known to our code and is sustained to a pleading, there is no reversible error if the pleading is bad. *Garrett* v. *Bissell Chilled Plow Works* (1900), 154 Ind. 319, 321; *Goldsmith* v. *Chipps* (1900), 154 Ind. 28; *Hanson* v. *Cruse* (1900), 155 Ind. 176, 178; *State* v. *Indiana Board of Pharmacy* (1900), 155 Ind. 414, 415; *Wray* v. *Fry* (1902), 158 Ind. 92, 96. See, also, *Osburn* v. *State* (1905), 164 Ind. 262, 274. In *Goldsmith* v. *Chipps, supra,* a defective demurrer was sustained to a plea in abatement, and it was held that as the facts stated in the answer in abatement were not sufficient to abate the action, the action of the court in sustaining the same was not reversible error, although the demurrer was so defective in form that the party filing the same could not have successfully complained if it had been overruled.

A correct result having been reached by the court in sustaining the demurrer to the plea in abatement, it is not

8. necessary for us to determine (1) whether appellant should have moved to strike out the plea in abatement because filed too late instead of demurring thereto; or (2) whether objections to the competency of

members of said committee are properly presented by a plea in abatement. *Allen* v. *Studebaker Bros. Mfg. Co.* (1899), 152 Ind. 406, 410; Elliott, App. Proc., §633.

Judgment reversed, with instructions to overrule the demurrer to the petition and the motion "to dismiss and strike out all the proceedings;" and for further proceedings not inconsistent with this opinion.