BARTON *v.* STATE OF INDIANA.

[No. 29,752. Filed January 20, 1960.]

*Perry W. Cross,* of Muncie, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling,* Assistant Attorney General, and *Harriette Bailey Conn,* Deputy Attorney General, for appellee.

ARTERBURN, C. J.—There is only one question presented in this appeal, all others being waived. The point presented is the first ground in appellant's motion for a new trial which is supported by affidavit and which reads in part as follows:

"3. That the court, while in the course of reading Instruction No. 8, read the second paragraph in the following manner: 'It is your duty to reconcile the evidence in this case upon the theory that the defendant is guilty, if you can do so; and you cannot find the accused guilty until the evidence satisfies you beyond a reasonable doubt of his guilt. However, if the evidence so strongly tends to establish the guilt of the defendant as to remove all reasonable doubt of such guilt from the mind of each juror, then it is your duty to convict the defendant.'
"4. That when the court finished that instruction, the affiant called the attention of the court to the misreading of the word 'guilty' for the word 'innocent' in the second line, but that the court refused to correct the reading, but ordered the instruction to stand as read."

On the side of the State a counter-affidavit was filed which reads in part as follows:

"3. That during the reading of Instruction No. 8, the Court in Line 2 of said instruction read the word 'Indictment' as 'affidavit' and at said time counsel for the defendant made a remark to the Court that this instruction had been misread.
"4. That at said time the defendant made no request of the Court to call the official court re-

porter to make a record of any alleged misreading and no record was made by the defendant or his attorney at any time during the reading of the instructions or thereafter until the 4th day of June, 1955, at which time a motion for a new trial was filed, long after the return of the verdict by the jury on the 6th day of May, 1955.

"And further affiant saith not.

Paul E. Leffler"

It is argued that Rule 1-7 is applicable in this case and that "No error with respect to the giving of instructions shall be vailable as a cause for a new trial or on appeal, except upon the specific objections made *as above required*." (Our italics.) The requirements above are that *prior* to the giving of instructions, objections must be made specifically thereto. The rule apparently does not cover the situation when the alleged error occurs in the misreading of the instructions.

It nevertheless has always been a general principle of law that objections to any erroneous action of the court must be made promptly at the time such injurious action is alleged to have occurred and as soon as it comes to the knowledge of the injured party. The policy behind such a principle is that the court should have an opportunity promptly to correct any error and at the same time the party claiming error should not be permitted, after waiting to find the outcome of the case, and if adverse, then to contend for alleged prejudicial error. 1 I. L. E. Appeals, §92, p. 587; 4 C. J. S. Appeal & Error, §246, p. 764.

In this case, by affidavit, the defendant claims he "called the attention of the court to the misreading" of the instructions when the court finished reading it. The counter-affidavit does not categorically deny it. It should be further noted that the affi-

260

davit of the appellant (defendant) does not state that at the time the alleged misreading was "called to the attention of the court" appellant (defendant) made any objection thereto or requested any action on the part of the court to correct the error. It is a well settled principle of law that a party complaining of error must "object" thereto and also request the court for action which will remedy the alleged error after it has occurred. A failure to make such request is a waiver of such action. *Gamble* v. *Lewis* (1949), 227 Ind. 455, 85 N. E. 2d 629; *Fowler* v. *Newsom* (1909), 174 Ind. 104, 90 N. E. 9.

This Court has held that a statement by appellant's counsel in the trial court, "I don't see how that is competent" to a question by opposing counsel is not an objection sufficient to save any alleged error. *City of Huntington* v. *Amiss* (1906), 167 Ind. 375, 79 N. E. 199; *Hormann et al.* v. *Hartmetz* (1890), 128 Ind. 353, 27 N. E. 731; *Podell* v. *Boger, etc., et al.* (1957), 128 Ind. App. 116, 145 N. E. 2d 730, Reh. den. 146 N. E. 2d 428.

There is no showing that any actual objection was made or a request for the re-reading of the instructions.

It is not necessary for us to pass upon the method by which the alleged error herein is presented.

The judgment is affirmed.

Bobbitt & Landis, JJ., concur.

Jackson, J., dissents.

Achor, J., not participating because of illness.

NOTE.—Reported in 163 N. E. 2d 600.