MOTOR EXPRESS INC. OF INDIANA *v.* CHASE ET AL.

[No. 19,524. Filed October 10, 1963. Rehearing denied November 22, 1963. Transfer denied January 29, 1964.]

*G. Edward McHie, Peters, Highland & McHie,* of counsel, of Hammond, and *Robert S. Baker,* of Michigan City, for appellant.

*Geoffery Segar* and *Ross, McCord, Ice & Miller,* both of Indianapolis, for appellee, Homer Chase.

*Edward J. Bradley,* of Chicago, Illinois, for appellees Homer Chase and Alleyenne Chase.

*Oscar Strom, Charles Whitted, Fred Link* and *Strom & Whitted,* of counsel, all of Gary, for appellee, John O. Reynolds.

CLEMENTS, J.—This is an appeal from a judgment on a verdict of the LaPorte Circuit Court in favor of appellees, Homer Chase, Alleyenne Chase, and John Reynolds, (Reynolds being a defendant below), and against

appellant, Motor Express, Inc. of Indiana, and appellee, Melbourne V. Cleveland.

Appellees, Homer Chase and Alleyenne Chase, (plaintiffs below) filed separate actions for damages which were consolidated for trial. The suits were for personal injuries and property damage resulting from a collision between an automobile operated by appellee-Homer Chase in which appellee-Alleyenne Chase was riding, and a tractor-trailer truck driven by appellee-Melbourne V. Cleveland.

The complaint alleged that appellee-Melbourne V. Cleveland was the driver of a tractor-trailer truck, and that he was negligent in that he lacked control of the truck and drove it across the center line of the highway into the path of plaintiff-appellee's automobile.

This case comes to us on appeal by an assignment of errors charging the trial court erred in overruling appellant's motion for a new trial.

The issue to be decided by the jury was whether or not the truck driver, Melbourne V. Cleveland-appellee, was, at the time of the collision, an employee of John O. Reynolds-appellee, or of the appellant, Motor Express, Inc. of Indiana, or both.

Appellant, Motor Express, Inc. of Indiana, hereinafter referred to as "Motor Express," contends that confusion arose which prevented the jury from making a fair consideration of the cause; (1) that the confusion arose from the fact that Reynolds Cartage Company, Inc. was not a party to the litigation and had a hauling contract with appellant; (2) that John O. Reynolds, manager of appellant's office, was the owner of the tractor-trailer truck, but not a party to the hauling contract between Motor Express and Reynolds Cartage Company, Inc.; and (3) that the court admitted

into evidence the hauling contract between Motor Express and Reynolds Cartage Company, Inc., identified as, "Defendant Motor Express Inc. of Indiana, Exhibit 1."

Plaintiffs below attempted to obtain information concerning the relationship of Motor Express, Reynolds Cartage Company, Inc., John O. Reynolds, individually, and John O. Reynolds, as manager of the office of Motor Express, and the driver, Melbourne V. Cleveland. They submitted interrogatories to appellant. Appellant was unable to answer the name of the owner of the tractor-trailer truck involved in the accident. Appellant was unable to state if the tractor-trailer truck was being operated under a Certificate of Convenience issued by the Public Service Commission of Indiana, and appellant was unable to answer who the driver, Melbourne V. Cleveland, was employed by at the time of the accident. Appellant did not know to whom the merchandise was being hauled at the time of the accident, or whether the accident occurred when the tractor-trailer truck was going to or coming from the point of delivery, and did not know if the tractor-trailer truck had painted on it on either the sides or rear the words, "Motor Express, Inc."

After the court permitted appellant's Exhibit No. 1 to be introduced showing a contract for hauling between appellant and Reynolds Cartage Company, Inc., (not a party to this litigation) it must be admitted that the plaintiffs below were presented with a rather confused situation of facts.

The jury must have been convinced that the appellant knew the contract terms under which it made the shipment of October 14, 1952, from its Gary, Indiana, office and yards to its Indianapolis office and yards. The jury, by its verdict and its answers to interroga-

tories, answered that appellant, Motor Express, was the trucking company which transported the load of steel in question; that appellee, John O. Reynolds, was the manager of its Gary office; and that Melbourne V. Cleveland, the driver of the tractor-trailer truck at the time of the accident, was an agent and employee of appellant, Motor Express, and that he was not the agent for John O. Reynolds. There was evidence supporting the verdict of the jury and its answers to the interrogatories.

The record here on appeal shows that the confusion complained of by appellant was contributed to, and brought about by, the appellant. Appellant will not be heard to complain of an adverse verdict and judgment founded upon confusion and error which appellant, itself, created. *Armstrong* v. *Presslor* (1947), 225 Ind. 291, 295, 73 N. E. 2d 751; *Moran* v. *Miller, State Fire Marshal* (1926), 198 Ind. 429, 439, 153 N. E. 890; 5 C. J. S., Appeal & Error, §1501, p. 857. See also: *McMahan* v. *McMahan* (1895), 142 Ind. 110, 112, 40 N. E. 661.

The trial court refused all of the instructions tendered by the plaintiffs and defendant below, and it gave its own Instructions Nos. 1 to 54, inclusive. These instructions given by the court fully and fairly stated the law governing agency and collision on a public highway.

Extending this opinion would serve no useful purpose as the jury has determined that the driver, Melbourne V. Cleveland, at the time of the collision, was the agent and employee of appellant, and that appellant was the hauling carrier.

Judgment affirmed.

Carson, P. J., and Cooper, J., concur; Ryan, J., concurs in result.

NOTE.—Reported in 193 N. E. 2d 78.