RAY *v.* STATE OF INDIANA.

[No. 1068 S 163. Filed June 25, 1969. No petition for rehearing filed.]

*Ramsey & Ramsey* by *Joe D. Black,* Vincennes, for appellant.

*Theodore L. Sendak,* Attorney General and *Murray West,* Deputy Attorney General, for appellee.

GIVAN, J.—This is an appeal from a court order appointing appraisers and the overruling of the appellants' objections to the appraisers' report arising out of condemnation proceedings instituted by the State of Indiana.

The appraisers appointed by the Court to assess the damages were qualified on April 4, 1966, at which time both the State of Indiana by the Deputy Attorney General and the appellants by their counsel were present. At that time the Court set the date of April 29, 1966, for the court appraisers to file their written report, which report was filed on that date.

On May 21, 1966, the appellants filed their exceptions to the appraisers' report. On the 11th day of October, 1966, the State of Indiana moved the Court to dismiss the appellants' exceptions for the reason that they had been filed more than ten days after the filing of the appraisers' report. On

the 22nd day of October the appellants filed a motion to dismiss the appraisers' report for the reason that it had not been filed within ten days of the appointment of the appraisers and also filed a motion in opposition to the State's motion to dismiss.

On the 13th day of September, 1967, the Court entered judgment dismissing appellants' exceptions to the court appointed appraisers' report, overruled the appellants' motion to strike the appraisers' report and granted the State's motion to dismiss defendants' exceptions to the appraisers' report.

In appellants' first ground in his motion for new trial it is contended that the Trial Court erred in not striking the appraisers' report for the reason that it was not timely filed in accordance with Burns' Ind. Stat. (1968 Repl.) § 3-1707a., the pertinent parts of which read as follows:

"... the court or judge in vacation shall on the return day fixed at the time of the filing of the complaint appoint appraisers as provided by law and fix a day certain within ten [10] days thereof for said appraisers to appear, qualify and file their report of appraisal.

"If said appraisers so appointed by the court or judge in vacation shall fail to appear, qualify and file their report of appraisal within said ten [10] day period, the court or judge in vacation shall discharge said appraisers and appoint new appraisers therein in the same manner as above provided."

We do not interpret the above language as being jurisdictional. It is a provision made by the legislature calculated to expedite the handling of condemnation cases and affords a remedy to the condemning authority or to the property owner to assert a right to expedite litigation. However, in this case attorneys for both the State and the appellants were present in open court at the time the appraisers were appointed and the date set for their report, which date was in excess of the ten days provided by statute. Either party could have at that time made their proper

objection to the time being so extended by the Court in which event the Court would have been obliged to have conformed to the time required in the statute; however, since neither party objected to the fixing of the additional time by the Court, we must presume that at that time it was agreed by all concerned that the best interests of all would be served by the fixing of the additional time, and that, therefore, the right under the statute to have the time fixed at ten days was waived by the parties. Although there are no cases in Indiana as yet interpreting this section of the statute, we feel that it is no different than other matters of procedure which are not jurisdictional and, therefore, may be waived by the parties. No objection having been made to this procedure and the appellants having waited until the Court appointed appraisers made their report to the Court to voice any objection to the time set by the Court, appellants are in no position to now claim error in this regard. As this Court has said in *Reid v. State* (1967), 249 Ind. 247, 12 Ind. Dec. 222, 225, 231 N. E. 2d 808, 810:

"... This Court has held on a number of occasions that a party may not sit idly by and permit the Court to act, in even an erroneous matter, and then attempt to take advantage of the error at a later time. All objections to alleged errors should be made timely in order that the Trial Court itself should not be invited into the error and in order that the Trial Court's attention should be directed to the alleged erroneous ruling" (citing cases).

This same principle was also stated in *Barton v. State* (1960), 240 Ind. 257, 259, 163 N. E. 2d 600, 601, in which this Court stated:

"... The policy behind such a principle is that the court should have an opportunity promptly to correct any error and at the same time the party claiming error should not be permitted, after waiting to find the outcome of the case, and if adverse, then to contend for alleged prejudicial error" (citing authority).

Appellants also claim error by the Trial Court in the dismissal of their exceptions to the appraisers' report. Burns' Ind. Stat. (1968 Repl.) § 3-1707 provides, in part, as follows:

"Any party to such action, aggrieved by the assessment of benefits or damages, may file written exceptions thereto in the office of the clerk of such court in vacation, or in open court if in session, within ten [10] days after the filing of such report, . . ."

The appellants did not file their exceptions to the appraisers' report until twenty-two days after it had been made.

Appellants argue that if the Court had discretion to permit the appraisers to file their report at a time in excess of ten days following their appointment, it should follow that the appellants should be permitted to file their exceptions at a time later than ten days following the filing of the report. We see no analogy between the two situations. The time set by the statute for the filing of the appraisers' report merely provides a tool which may be used by either party to expedite the case, whereas the statute concerning the filing of exceptions sets a specific time within which the same may be filed. This operates the same as any other procedural limitation of time in which to exercise a remedy. In failing to file their exceptions within the ten days allowed, the appellants had failed to take advantage of the afforded remedy. *State v. Redmon* (1933), 205 Ind. 335, 186 N. E. 328.

Finally, the appellants claim the Trial Court had no jurisdition for the reason that at the time the complaint was filed by the State it bore the caption, "In the Circuit Court of Knox County, Indiana." Appellants cite Burns' Ind. Stat. § 4-302 which reads as follows:

"The circuit court shall be held in the respective counties at such times as may be fixed by law. Said court shall be styled '———— Circuit Court,; according to the name

of the county in which it may be held. [Acts 1881 (Spec. Sess.), ch. 24, § 2, p. 102.]"

Appellants reason that the caption being thus worded the complaint was filed in a non-existent court and, therefore, no jurisdiction was conferred upon the Knox Circuit Court. With this we cannot agree. The purpose of the designation of the court is to apprize the parties as to where they are to appear. We see nothing magic in the manner in which the words may be shuffled. The parties apparently had no trouble finding their way to the Knox Circuit Court after having been served with a summons to appear in the circuit Court of Knox County, nor do we believe any reasonable man would find great difficulty in surmounting this problem. While Courts must be ever vigilant to preserve orderly procedure to the extent that litigants are aware of the nature of the action and the place and manner in which they are expected to respond, we must also be mindful of the purpose for these rules. The Appellate Court of Georgia made the following observation:

". . . The trial of a case is not a mere game for testing the skill and vigilance of contesting lawyers, but is an investigation instituted for the purpose of ascertaining the truth." *Ellenberg v. So. Ry. Co.* (1908), 5 Ga. App. 389, 392, 63 S. E. 240, 241.

We find no reversible error in the record of the Trial Court.

The judgment of the Trial Court is, therefore, affirmed.

DeBruler, C. J., and Hunter, J., concur; Jackson, J., concurs in result; Arterburn, J., not participating.

NOTE.—Reported in 248 N. E. 2d 337.