LEWIS E. JOLLY *v.* JACKSON W. MODISETT ET AL.

[No. 1271S348. Filed December 1, 1971.]

*Roger L. Pardieck*, of Seymour, *William Prime*, of Madison, *Harold H. McConnell*, of North Vernon, for plaintiff.

*Eugene Cooper, Cooper, Cox, Jacobs & Kemper*, of Madison, for defendants.

PRENTICE, J.—This matter is before us on application of the defendant (petitioners, Jackson W. Modisett, et al.) for appointment of a special judge under Trial Rule 53.1 (A). Petitioners, on July 15, 1971, filed in the trial court a praecipe captioned "Request for Notice" addressed to the clerk of that court. This praecipe recited that the trial judge, following trial of the cause to the court, took the cause under advisement on September 24, 1970, with leave to parties to file briefs; that Defendants' brief was filed November 1, 1970; and that said cause was held under advisement until June 22, 1971, upon which date the trial judge entered an order (judgment). Said notice requested the clerk to notify the trial judge and this Court that the cause had been withdrawn in accordance with Trial Rule 53.1 (A). A copy of said praecipe was transmitted by the trial court clerk to the clerk of this Court on July 28, 1971.

On August 16, 1971, Petitioners filed a second praecipe with the trial court, also addressed to the clerk and entitled "Request to Clerk." This praecipe recited that the trial judge in said cause, on June 22, 1971, entered judgment for plaintiff and awarded plaintiff the reasonable value of the services of plaintiff's attorney in an undetermined amount; that "* * * the parties were directed to agree on a hearing date on the issue of attorney's fees before the 15th day of July, 1971, and, upon their failure to do so, the Court was to determine the fees in accordance with the suggested minimum fee schedule of the Indiana State Bar Association. * * *"; that the trial judge has not determined such fees and that the judgment entered June 22, 1971, is, therefore, allegedly not a final judgment. Said second praecipe requests the clerk to give notice of the foregoing to the trial judge and to this Court as provided by T.R. 53.1 (A).

Defendants, on August 17, 1971, transmitted a couy of the last mentioned praecipe to this Court, together with an affidavit of counsel verifying the allegations of the praecipe and relating certain conclusions and opinions of counsel.

Although the procedure as above recited is not in any way as anticipated under T.R. 53.1 (A), in the interest of expediting pending litigation and because other such matters are arising and may continue to arise without the desired uniformity of procedure, we shall treat the foregoing as an application to this Court for change of judge under T.R. 53.1 (A), and it is hereby so docketed.

T.R. 53.1 (A) specifically provides for notice that the case has been withdrawn to be given the trial judge and this Court *by the clerk of the court*. A mere copy of the praecipe for such notice will not suffice as substantial compliance, as it is the responsibility of the clerk to make an independent determination of the salient facts; and, if the trial judge has in fact violated the rule, to notify the trial judge and this Court forthwith of such facts by his written notice, which notice and service must be entered of record.

Even if we were to hold a copy of the praecipe filed with this Court to be a sufficient notice under the rule, we, nevertheless, would be unable to appoint a special judge, notwithstanding that the issues had been held under advisement in excess of ninety days, inasmuch as judgment had been rendered prior to the time the defendants filed their praecipe. Although the word "automatically" inserted in the rule understandably indicates that the rule is self-operating and that the trial judge loses his jurisdiction to proceed after ninety days, where judgment has previously been entered such an interpretation would not serve the purpose for which the rule was designed, namely to expedite pending litigation. Notwithstanding that the trial judge held the matter under advisement for an undue period, to withdraw the submission after the decision has been made would further delay rather than expedite the litigation; and to permit a party to submit his cause and await the decision of the trial judge beyond the ninety day period, without taking the steps available to him to effect a withdrawal of the submission and then to deny the jurisdiction, if and when the decision goes against him, would be to permit him to take advantage of error that he had waived. By estoppel, the party will not be permitted to take advantage of errors which he himself committed or invited or induced the trial court to commit, or *which were the natural consequences of his own neglect or misconduct. Ray* v. *State* (1969), 252 Ind. 395, 248 N. E. 2d 337; *Motor Express, Inc. of Indiana* v. *Chase* (1963), 135 Ind. App. 544, 193 N. E. 2d 78; *Barton* v. *State* (1960), 240 Ind. 257, 163 N. E. 2d 600; *Armstrong* v. *Presslor* (1947), 225 Ind. 291, 73 N. E. 2d 751; *Billingsley* v. *Groves* (1854), 5 Ind. 553; C.J.S. *Appeals and Error,* § 1501.

The reasons justifying the application of these general principles in the appellate stages also require their application in the trial court.

The rule not only permits but also requires the clerk to make the determination and issue the notices without action

by either party, and if he does so the notice would, of course, be effective as of the time of its issuance. For that matter, the trial judge could confess his breach to this Court, and reason would require us to name a special judge. It is unrealistic, however, to expect either; and yet, until the matter is brought to the attention of the Supreme Court, nothing happens, and the cause is being further delayed. It is intended that the rule, in addition to expediting litigation, will also protect litigants and counsel from the displeasure of a judge who may take offense at the withdrawal. While a litigant might be thus sheltered, counsel can never be so insulated or absolved from the responsibility for the progress of litigation that he undertakes. If he desires to effect a withdrawal under the rule, it behooves him to take such steps as are necessary to have the clerk issue the prescribed notices. A verbal request may suffice, but better practice dictates that he file a praecipe with the clerk, in which event the withdrawal, if appropriate, would be effective as of the time of filing of the praecipe.

We can take no action upon the praecipe filed with the clerk of the trial court on August 16, 1971, and received by this Court on August 18, 1971, for three reasons. (1) We can act only upon the proper notice of the clerk verifying the circumstances as related by the praecipe. Here we have before us only the praecipe and supporting affidavit which merely present conclusions of counsel. (2) If we were to consider the aforementioned praecipe and affidavit as a sufficient notice, they, nevertheless, reflect rendition of judgment prior to the filing of the praecipe. Defendants have cited no authority for their proposition that the pendency of the issue of the amount of attorney's fees entitles them to a withdrawal of the issues that had already been determined. As previously stated the provision disqualifying the judge to hear *any of the issues* is held to relate only to issues undetermined at the time of withdrawal. (3) The praecipe and affidavit recite that at the time judgment was rendered, the parties were directed by the trial

judge to agree upon a hearing date on the issue of attorney's fees before July 15, 1971, and advised that upon their failure to do so the court would determine such issue in accordance with an established schedule of suggested fees. Without intending to question counsel's credibility, if this was, in fact, the trial judge's statement, it must be charged off as one of those misstatements that often pass in conversation, unnoticed by either of the parties because their minds have met. Literally interpreted, the statement does not coincide with sense and the obvious intent, which was to hear evidence on that issue only if the parties did not agree upon the fee as suggested by the schedule. We, therefore, conclude that what was intended, even if not articulately spoken, was that the parties would have until July 15th to advise the court if a hearing was necessary and that if the court was not so advised, it would understand that the parties were in agreement and that a fee should be adjudged on that day in accordance with the schedule. Either party could bring about a hearing if he so desired. There is nothing before us to indicate that either party desired a hearing, and it thus appears that the judgment was completed, by acquiescence of the parties to said schedule of suggested fees on July 14, 1971. Of course, if a hearing on that issue has been requested by either party within the prescribed time, that issue remains open and should be promptly determined. Otherwise, judgment in accordance with the determination rendered June 22, 1971, should be entered forthwith.

The application for a change of judge is denied, and the trial court is directed to proceed in accordance with this opinion.

Arterburn, C. J., Givan and Hunter, JJ., concur; DeBruler, J., dissents.

NOTE.—Reported in 275 N. E. 2d 780.