CLAUDE BOROWSKI *v.* ROBERT P. RUPERT.

[No. 1171A248. Filed December 13, 1971.]

Robert J. Konopa, Crumpacker, May, Levy & Searer, of South Bend, for appellant.

Roland Obenchain, Jones, Obenchain, Johnson, Ford & Pankow, of South Bend, for appellee.

PER CURIAM—This cause is before the Court on the appellant's petition for an extension of time within which to submit the appeal. Said petition alleges as cause therefore that more than ninety days elapsed between the filing of the motion to correct errors and the trial judge's ruling thereon. Appellant asserts that because more than ninety days elapsed between the filing of the motion and the ruling thereon, he is uncertain as to whether the trial judge had jurisdiction to rule on the motion because of the provisions of Trial Rule 53.1(A) which states, in essence, that if the trial judge shall fail to determine any issue of law or fact within ninety days, the submission of the issue shall be automatically withdrawn and the judge shall be disqualified to hear or determine any issues in the cause.

Our Supreme Court has recently spoken on this subject in the case of *Jolly* v. *Modisett et al.* (1971), 257 Ind. 426, 275 N. E. 2d 780, which opinion was a ruling on an application for a change of judge, wherein the Court held, *inter*

*alia,* that Trial Rule 53.1 (A) is not applicable where judgment has previously been entered.

In view of this decision the trial judge does not lose jurisdiction to rule on a motion to correct errors after the expiration of ninety days. The time within which to initiate an appeal does not begin to run until the trial judge does rule on the motion to correct errors. In this case appellant alleges the motion to correct errors was overruled on September 27, 1971. The record of the proceedings, therefore, is required in this Court on or before December 26, 1971 (Monday, December 27).

In view of the ruling of the Supreme Court in the *Jolly* Case, *supra,* appellant's petition herein is denied.

NOTE.—Reported in 276 N. E. 2d 191.