NELSON G. PRESTON ET UX *v*. J. L. HAMMOND ET AL.

[No. 3-772A33. Filed October 11, 1972. Rehearing denied November 8, 1972.]

*James P. Dunn,* of Fort Wayne, for appellants.

*Arthur Fruechtenicht,* of Fort Wayne, *Robert J. Parrish, Roger S. Moliere,* of Fort Wayne, *John E. Hoffman, Hoffman, Moppert, Solomon & Miller,* of Fort Wayne, for appellees.

### ON APPELLEES' MOTION TO DISMISS OR AFFIRM

PER CURIAM—This matter is before the Court on Motions to Dismiss or Affirm filed by the appellee Home Loan and Savings Association and by the appellees Hammond.

The plaintiffs-appellants' claimed error in this Court is the overruling of their Motion to Correct Errors by the trial court. The Motion to Correct Errors filed in the trial court alleges three errors, as follows:

"1. That the Court was without jurisdiction to render this decision under TR. 53.1 Indiana Rules of Procedure.

"2. That the decesion [sic] is not supported by sufficient evidence.

"3. That the decesion [sic] is contrary to law."

Concerning the first alleged error, the memorandum and brief attached to appellants' Motion to Correct Errors states that the cause was submitted to the Court without the intervention of a jury on July 13, 1971, and that the decision was rendered on December 23, 1971, more than ninety days after submission. We have searched the record of the proceedings filed herein by the appellants and do not find that

appellants' counsel took any steps to effectuate the withdrawal of submission as provided for by TR. 53.1. From the record before us, it appears that the first time counsel attempted to raise this question was after judgment, in his Motion to Correct Errors.

Our Supreme Court has spoken on this subject in the case of *Jolly* v. *Modisett* (1971), 257 Ind. 426, 275 N. E. 2d 780. In that case the issues had been held under advisement more than ninety days when the trial judge entered judgment. After judgment was entered, the petitioners filed their praecipe to the Clerk of the trial court requesting the Clerk to notify the trial judge and the Supreme Court that the cause had been withdrawn. Our Supreme Court stated:

"Notwithstanding that the trial judge held the matter under advisement for an undue period, to withdraw the submission after the decision has been made would further delay rather than expedite the litigation; and to permit a party to submit his cause and await the decision of the trial judge beyond the ninety day period, without taking the steps available to him to effect a withdrawal of the submission and then to deny the jurisdiction, if and when the decision goes against him, would be to permit him to take advantage of error that he had waived. By estoppel, the party will not be permitted to take advantage of errors which he himself committed or invited or induced the trial court to commit, or which were the natural consequences of his own neglect or misconduct. *Ray* v. *State* (1969), 252 Ind. 395, 248 N. E. 2d 337; *Motor Express, Inc. of Indiana* v. *Chase* (1963), 135 Ind. App. 544, 193 N. E. 2d 78; *Barton* v. *State* (1960), 240 Ind. 257, 163 N. E. 2d 600; *Armstrong* v. *Presslor* (1947), 225 Ind. 291, 73 N. E. 2d 751; *Billingsley* v. *Groves* (1854), 5 Ind. 533; 5 C. J. S. Appeal and Error § 1501."

Thus, in the case now before us, when counsel did not promptly initiate proceedings to withdraw submission of the issues after the ninety day period provided for by TR. 53.1 had elapsed, but waited until after judgment and raised the issue for the first time as an alleged error in his Motion to Correct Errors, he must be deemed to

have waived that error and he is estopped from raising it as an alleged error on appeal.

Turning now to the second specification of the Motion to Correct Errors, that the decision was not supported by sufficient evidence, we note at once that the appellants herein were plaintiffs in the trial court and they are attempting to appeal a negative judgment. Our Supreme Court and this Court have said so many times that it hardly needs citation of authority, that when the plaintiff, who has the burden of proof in the trial court, fails in that burden, the specification of error that the judgment is not sustained by sufficient evidence, is not available to him on appeal. *Langford* v. *Anderson Banking Co.* (1970), 146 Ind. App. 677, 258 N. E. 2d 60. A negative judgment may only be attacked as being contrary to law. *Senst* v. *Bradley* (1971), 150 Ind. App. 113, 275 N. E. 2d 573. Therefore, appellants' second specification of error presents nothing to this Court on appeal.

Appellants' third and final specification of error is that the decision is contrary to law, and the argument following that specification is that the court erred in applying the law to the facts presented. The record of the proceedings filed herein by the appellants does not contain the transcript of the evidence. Without the evidence being before this Court we cannot determine whether the trial court did, or did not, err in the findings of fact and the conclusions of law thereon. The appellants have presented nothing for this Court to determine on their third specification of error.

The appellants having waived their first specification of error, and having presented nothing to this Court for determination on their second and third specifications of error, the Motions of the appellees are sustained and the judgment of the trial court is affirmed.

NOTE.—Reported in 287 N. E. 2d 774.