Joseph D. WEBER, Appellant (Plaintiff Below),

v.

ELECTROSTATIC ENGINEERING, INC., Appellee (Defendant Below).

No. 3–1283A399.

Court of Appeals of Indiana, Third District.

July 16, 1984.

Daniel L. Weber, Bauer, Miller & Weber, Terre Haute, for appellant.

HOFFMAN, Judge.

On July 10, 1979, appellant Joseph D. Weber filed suit against Electrostatic Engineering, Inc., in the Small Claims Division of the Allen Superior Court. The parties argued their cases and presented evidence on November 14, 1980, and the matter was taken under advisement. After more than two years without any ruling from the trial court, Weber filed a praecipe for withdrawal of submission with the Clerk of the Allen Superior Court on March 24, 1983. The clerk failed to take action, and the trial judge entered judgment against Weber on August 22, 1983. This appeal was timely perfected.

Weber's sole contention on appeal is that the court clerk erred in failing to withdraw this case from the trial court for failure to comply with Ind.Rules of Procedure, Trial Rule 53.2(A). This rule, commonly referred to as the "lazy judge" motion provides in pertinent part as follows:

"(A) Time limitation for holding matter under advisement. Whenever a cause has been tried to the court and taken under advisement by the judge, and the judge fails to determine any issue of law or fact within ninety (90) days, the submission of all the pending issues and the cause may be withdrawn from the trial judge and transferred to the Supreme Court for the appointment of a special judge."

The proper procedure for withdrawing a case by means of a lazy judge motion is covered by Trial Rule 53.1(E), which states:

"(E) Procedure for withdrawing submission. Upon the filing by an interested party of a praecipe specifically designating the motion or decision delayed, the Clerk of the court shall enter the date and time of the filing in the Clerk's praecipe book, record the filing in the docket under the cause, and determine whether or not a ruling has been delayed beyond the time limitation set forth under Trial Rule 53.1 or 53.2.

(1) If the Clerk determines that the ruling or decision has not been delayed, the Clerk shall notify in writing all parties of record in the proceeding and enter a notation of this determination in the docket under the cause. (2) If the Clerk determines that a ruling or decision has been delayed beyond the time limitation set forth under Trial Rule 53.1, or 53.2, the Clerk shall give written notice to the judge of the cause and the Supreme Court of Indiana that submission of the cause has been withdrawn effective as of the time of the filing of the praecipe and enter a notation of this determination in the docket under the cause."

The proper procedure for challenging a clerk's failure to withdraw from submission under T.R. 53.1 was discussed by the Supreme Court of Indiana in *State ex rel. Ind. Suburban Sewers v. Hanson, Clerk*, (1973) 260 Ind. 477, 296 N.E.2d 660. Writing for a unanimous court, Justice Hunter stated that:

"some confusion arose as to the method of challenging the clerk when he refused to give notice under TR. 53.1(B). The clerk is charged under this rule with the ministerial duty to determine if a ruling or decision has been delayed beyond the time permitted under TR. 53.1. Although the duty is ministerial and not discretionary, the clerk is not required to give notice if the record affirmatively shows that no delay has occurred. IC 1971, 34–1–58–1 (Ind.Ann.Stat. § 3–2201 [1968 Repl.]) reads in part:

'[W]rits of mandate may issue out of the Supreme Court of Indiana to any and all inferior courts compelling the performance of any duty enjoined by law upon such inferior courts ....'

"Thus, if a party filing a praecipe under TR. 53.1 is of the opinion that the clerk was erroneous in refusing to give notice, he should seek a Writ of Mandate from the Supreme Court of Indiana to compel the clerk to give notice and disqualify the judge."

260 Ind. at 480–481, 296 N.E.2d at 662.

Instead of seeking a writ of mandate as required in *Hanson*, Weber waited until an unfavorable judgment was entered five

months after filing his praecipe before asserting the right to have the trial judge removed.

The purpose for the lazy judge provision is to expedite litigation. As stated by Justice Prentice in the case of *Jolly v. Modisett et al.* (1971) 257 Ind. 426, 275 N.E.2d 780, at 781–782:

> "Notwithstanding that the trial judge held the matter under advisement for an undue period, to withdraw the submission after the decision has been made would further delay rather than expedite the litigation; and to permit a party to submit his cause and await the decision of the trial judge beyond the ninety day period, without taking the steps available to him to effect a withdrawal of the submission and then to deny the jurisdiction, if and when the decision goes against him, would be to permit him to take advantage of error that he had waived. By estoppel, the party will not be permitted to take advantage of errors which he himself committed or invited or induced the trial court to commit, or *which were the natural consequences of his own neglect or misconduct. Ray v. State* (1969), 252 Ind. 395, 248 N.E.2d 337; *Motor Express, Inc. of Indiana v. Chase* (1963) 135 Ind.App. 544, 193 N.E.2d 78; *Barton v. State* (1960), 240 Ind. 257, 163 N.E.2d 600; *Armstrong v. Presslor* (1947), 225 Ind. 291, 73 N.E.2d 751; *Billingsley v. Groves* (1854), 5 Ind. 553; 5 C.J.S. *Appeals and Error* § 1501." (Original emphasis.)

*See also, Lewis v. Burke, Extr.,* (1972) 257 Ind. 597, 277 N.E.2d 161; *Leventhal Auto et al. v. Munns,* (1975) 164 Ind. App. 368, 328 N.E.2d 734.

Without removing issues from the trial court's jurisdiction in a timely, legally prescribed manner, Weber allowed his case to proceed to final judgment. The fact that the original trial judge maintained jurisdiction over this case and subsequently entered judgment is the direct result of Weber's failure to pursue the proper legal remedy. By estoppel, he may not now take advantage of errors which he himself has caused. *Jolly, supra.*

The judgment of the trial court is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.