### Douglas W. WILLIAMS, Appellant–Petitioner,

v.

### STATE of Indiana, Appellee–Respondent.

### No. 45A03–9707–PC–251.

Court of Appeals of Indiana.

Aug. 17, 1998.

Transfer Granted Oct. 14, 1998.

---

Susan K. Carpenter, Public Defender, John A. England, Deputy Public Defender, Indianapolis, for Appellant–Petitioner.

Jeffrey A. Modisett, Attorney General, Katherine L. Modesitt, Deputy Attorney General, Indianapolis, for Appellee–Respondent.

## OPINION

HOFFMAN, Judge.

Appellant-petitioner Douglas W. Williams appeals the denial of his petition for postconviction relief following his conviction for murder, a felony. The facts as set forth by our supreme court on direct appeal are presented below.

On September 1, 1987, shortly after 1:30 a.m., Steven Wahl and his girlfriend, Susan Jemenko, were aroused by their neighbor, [Douglas Williams], ringing their doorbell. [W]illiams requested that Wahl call an ambulance. He stated that he had accidentally shot his wife and that she was bleeding.

After the ambulance was called, [Williams] drove to the Procare Ambulance Company and roused the personnel. He told them that he had shot his wife and that it was an accident. The Procare Ambulance attendants followed [him] back to his home, arriving at about the same time as the Calumet Township ambulance arrived in response to a previous call. As the ambulance personnel entered the home, [Williams'] 3–year–old daughter appeared and asked them, 'Are you here to help my mommy? I think my mommy's dead. My daddy shot her.'

*Williams v. State,* 546 N.E.2d 1198, 1199 (Ind.1989). A jury found Williams guilty of murder. Thereafter, our supreme court affirmed Williams' conviction on direct appeal. *Id.*

On June 4, 1990, Williams filed a petition for post-conviction relief, which he withdrew on April 3, 1991. Williams filed a second petition on October 23, 1991, which he amended October 20, 1995. On November 3, 1995, Williams requested a hearing on his petition. The post-conviction court held a hearing on January 17, 1996. On April 8, 1997, the court denied Williams' petition for post-conviction relief. He now appeals.

Williams raises two issues for our review:

(1) whether the post-conviction court lost jurisdiction over Williams' petition by failing to rule in a timely manner pursuant to Ind. Trial Rule 53.2; and

(2) whether the post-conviction court properly determined that the doctrine of laches barred Williams' claim.

▮▮▮ Under the rules of post-conviction relief, the petitioner bears the burden of establishing his grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5; *Weatherford v. State,* 619 N.E.2d 915, 917 (Ind.1993). To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence, as a whole, leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court. *Id.* On review, this Court neither reweighs the evidence nor judges the credibility of the witnesses; this Court will consider only the evidence and reasonable inferences supporting the judgment of the post-conviction court. *Id.* It is

only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court reached another, will the decision be disturbed. *Fleenor v. State,* 622 N.E.2d 140, 142 (Ind.1992), *cert. denied,* 513 U.S. 999, 115 S.Ct. 507, 130 L.Ed.2d 415 (1994).

Williams contends that the post-conviction court lost jurisdiction to rule on his petition for relief. Specifically, he claims the court failed to rule on his petition within the 90–day requirement of T.R. 53.2, thereby, divesting the post-conviction court of jurisdiction.

After receiving Williams' praecipe to withdraw submission of his case from the post-conviction court, filed on February 26, 1997, the clerk of the court determined that, pursuant to Ind. Trial Rules 53.1 and 53.2, the time limitations for ruling did not apply to a petition for post-conviction relief. Trial Rule 53.1 provides in relevant part:

(A) **Time limitation for ruling.** In the event a court fails for thirty (30) days to set a motion for hearing or fails to rule on a motion within thirty (30) days after it was heard or thirty (30) days after it was filed, if no hearing is required, upon application by an interested party, the submission of the cause may be withdrawn from the trial judge and transferred to the Supreme Court for the appointment of a special judge.

(B) **Exceptions.** The time limitation for ruling on a motion established under Section (A) of this rule shall not apply where:

\* \* \*

(4) The ruling in question involves a repetitive motion, a motion to reconsider, a motion to correct error, a petition for post-conviction relief, or a ministerial post-judgment act.

Trial Rule 53.2 provides in part:

(A) **Time limitation for holding matter under advisement.** Whenever a cause has been tried to the court and taken under advisement by the judge, and the judge fails to determine any issue of law or fact within ninety (90) days, the submission of all the pending issues and the cause may be withdrawn from the trial judge and

transferred to the Supreme Court for the appointment of a special judge.

It is clear that Williams may not invoke T.R. 53.1 to support his proposition that the post-conviction court lost jurisdiction to rule on his petition, as such petitions are exempt from the application of the rule. T.R. 53.1(B)(4). Williams, however, claims that T.R. 53.2 contains no such exception for post-conviction petitions, and that the clerk erred by reading the rules in conjunction with one another, thereby, refusing to disqualify the local judge when he failed to rule on Williams' petition within 90 days of the hearing.

■ The purpose of T.R. 53.2 is to expedite proceedings by withdrawing cases from trial judges who have delayed their rulings for an unreasonable length of time. *Osborne v. State*, 481 N.E.2d 376, 382 (Ind.1985). The rules are not self-executing and affirmative action must be taken to invoke the rules or the defect is waived. *Cf. Hepp v. Pierce*, 460 N.E.2d 186, 189 (Ind.Ct.App.1984) (once 30–day time limit elapses, T.R. 53.1 requires an affirmative act of filing a praecipe to invoke the rule). When a party seeks to challenge a clerk's failure to withdraw the case from the trial court for noncompliance with the rule, he must seek a writ of mandamus from the supreme court to compel the clerk to disqualify the judge. *Weber v. Electrostatic Engineering, Inc.*, 465 N.E.2d 1152, 1153–1154 (Ind.Ct.App.1984). When a party waits until an unfavorable judgment has been entered instead of seeking a writ of mandamus, he is estopped to complain of error in the original trial judge's maintaining jurisdiction over the case and subsequently entering judgment. *Strutz v. McNagny*, 558 N.E.2d 1103, 1109–1110 (Ind.Ct.App.1990), *trans. denied; Weber*, 465 N.E.2d at 1154.

■ Williams did not seek a writ of mandamus after he filed his praecipe for withdrawal of submission to compel the clerk to disqualify the judge. Without removing issues from the trial court's jurisdiction in a timely, legally prescribed manner, Williams allowed his case to proceed to judgment. The fact that the original judge maintained jurisdiction over this case and subsequently entered judgment is a direct result of Williams' failure to pursue the proper legal remedy. Williams' further contention that the Lake County Court would have refused to honor a request for a record of proceedings had he sought a writ of mandamus, is merely speculative. By estoppel, Williams may not now take advantage of error which he has caused. *See Weber*, 465 N.E.2d at 1154.[1]

■ Williams also argues that the post-conviction court erred in finding his claims barred by the doctrine of laches. Laches is neglect for an unreasonable length of time, under circumstances permitting diligence, to do what in law should have been done. *Perry v. State*, 512 N.E.2d 841, 842 (Ind.1987). To prevail on a claim of laches, the State must demonstrate that: 1) the petitioner unreasonably delayed in seeking relief, and 2) the State has been prejudiced. *Baxter v. State*, 636 N.E.2d 151, 152 (Ind.Ct.App.1994), *trans. denied*. Implicit is the requirement that the petitioner had knowledge of the existing conditions and acquiesced in them. *Id.* Knowledge of the post-conviction proceedings may be shown by many factors including: " 'repeated contacts with the criminal justice system, consultation with attorneys and incarceration in a penal institution with legal facilities.' " *Id., quoting Perry*, 512 N.E.2d at 843. The State demonstrates prejudice by showing that it would be extremely difficult or impossible to retry the petitioner. *Gould v. State*, 578 N.E.2d 382, 386 (Ind.Ct.App.1991). The question of laches is one to be determined by the post-conviction court in the exercise of its sound discretion from the facts and circumstances of each case. *Twyman v. State*, 459 N.E.2d 705, 712 (Ind.1984).

■ On March 24, 1988, Williams was convicted of murder. His conviction was affirmed by our supreme court on December 4, 1989. Williams then filed his original petition for post-conviction relief on June 4, 1990, and withdrew it approximately 10 months later on April 3, 1991. Williams testified that

---

1. This Court saves for another day the issue of whether Ind. Trial Rule 53.2 applies in postcon-viction proceedings.

he withdrew his first petition because he discovered it was defective. Williams, however, waited six additional months before filing another petition with the court. Based upon Williams' failure to prosecute the original petition and his delay in filing a second petition, the post-conviction court could properly find that Williams acquiesced in any delay. Williams also testified that another attorney represented him during his direct appeal and that he had access to a law library while incarcerated at Indiana State Prison; hence, the post-conviction court could properly infer that Williams knew of his post-conviction remedies and unreasonably delayed seeking relief.

Williams does not challenge the post-conviction court's finding that the State suffered prejudice as a result of his unreasonable delay in seeking post-conviction relief. During Williams' evidentiary hearing, the State presented evidence that it was unable to locate several prosecution witnesses, including Susan Jemenko and Robert Grandy. The post-conviction court found that Grandy was an essential witness because he retrieved the murder weapon, could establish its location, and was an essential link in the murder weapon's chain of custody. Jemenko was also an essential witness as she was the only person to observe blood on Williams' arms and hands, and Williams told her that he and his wife were lying on the couch when the gun went off. The post-conviction court found the evidence crucial to the State's case because the State had relied on the discrepancies in Williams' version of the shooting to establish his culpability. Hence, the State would suffer prejudice because it would be extremely difficult, if not impossible, for the State to retry Williams. Accordingly, the judgment of the post-conviction court determining that Williams' claim is barred by the doctrine of laches is affirmed.

Affirmed.

GARRARD, J., concurs.

STATON, J., concurs in result with separate opinion.

STATON, Justice, concurring in result.

I concur in the result reached by the majority. However, I write separately to address the question the majority wishes to save for another day: whether Ind. Trial Rule 53.2 applies in post-conviction proceedings. I believe it necessary to address this question because it is apparent that court clerks need guidance in making the determinations required by Ind. Trial Rule 53.1(E).

As noted by the majority, there are two "lazy judge" rules. The first, T.R. 53.1, allows a cause of action to be withdrawn and a special judge appointed where a court fails to set a motion for a hearing or rule on a motion within thirty days. However, T.R. 53.1(B)(4) expressly provides that a court is not bound by these time limits when the cause is a petition for post-conviction relief. Recognizing this limitation, Williams instead argues that he was entitled to the appointment of a special judge under the second "lazy judge" rule.

T.R. 53.2 provides that a cause may be withdrawn and a special judge appointed when a trial court fails to determine an issue of fact or law within ninety days of taking a cause under advisement. Unlike T.R. 53.1, this rule does not expressly include an exception for petitions for post-conviction relief. Thus, Williams contends that he could seek the appointment of a special judge where the post-conviction court did not rule upon his petition within ninety days of taking the matter under advisement. I disagree.

Application of T.R. 53.2 in the manner suggested by Williams would allow those seeking post-conviction relief to circumvent T.R. 53.1. We are required to construe the Rules of Trial Procedure together and harmoniously if possible. *Rumfelt v. Himes,* 438 N.E.2d 980, 983 (Ind.1982). T.R. 53.1(B)(4) makes clear that the thirty-day "lazy judge" rule is not to apply in post-conviction cases. This exception for post-conviction cases means a petitioner may not have a cause withdrawn and a special judge appointed merely because the post-conviction court has delayed its ruling, regardless of the length of the delay. Allowing a petitioner to obtain a special judge under T.R. 53.2 because he had to wait more than ninety days for a ruling would defeat the purpose of this exception. Therefore, reading both "lazy judge" rules in conjunction mandates the conclusion that

T.R. 53.2 is not available to petitioners for post-conviction relief.

Because I would affirm the denial of Williams' petition for post-conviction relief, I concur in the result reached by the majority.