STATE EX REL. INDIANA SUBURBAN SEWERS, INC. *v.*
ROBERT D. HANSON, CLERK, ALLEN C. C., ALLEN CO., IND.

[No. 373S57. Filed May 30, 1973. Rehearing denied
September 25, 1973.]

*Arthur H. Gemmer,* of Indianapolis, *Richard W. George,* of Fort Wayne, for relators.

*John L. Woolling, Fred E. Schelgel, Baker & Daniels,* of Indianapolis, for intervenor, American Fletcher National Bank, *William E. Harris, Torborg, Miller, Moss, Harris and Sowers,* of Fort Wayne, for intervenor, John Dehner, Inc.,

*Thomas E. Ruzzo,* Assistant Allen County Attorney, of Fort Wayne, for respondent.

HUNTER, J.—This cause is before this Court by means of an original action under TR. 53.1. The relator, Indiana Suburban Sewers, Inc. (hereinafter referred to as Suburban), contends that more than thirty (30) days elapsed without the trial court ruling on a motion made by Suburban.

The facts are as follows:

1. On December 20, 1972, a default judgment was entered against Suburban.

2. On February 8, 1973, Suburban filed a motion to set aside the default judgment under TR. 55(C) and TR. 60(B), and filed a motion for the trial court to stop judgment creditors proceeding with execution.

3. On February 20, 1973, Suburban filed its motion to correct errors.

4. On February 28, 1973, the trial judge entered an order setting March 14, 1973, as the date for hearing Suburban's motion to set aside the judgment. The trial judge deferred any action on the motion to correct errors until after the hearing. The trial judge denied Suburbans motion to stop judgment creditors from proceeding with execution.

5. On March 12, 1973, Suburban filed a praecipe with the Clerk of the Allen Circuit Court pursuant to TR. 53.1(B). Suburban contended that more than thirty (30) days had elapsed without a ruling on its TR. 60(B) motion. The clerk determined that the filing was untimely and did not give notice. The trial judge has proceeded with hearing and deciding matters in the case.

TR. 53.1 reads in pertinent part:

*"(A) Effect of courts delay in ruling upon motion.* The court shall *hear motions without delay when hearing is required or granted,* and shall rule upon a motion promptly *after hearing thereof,* or after filed when no hearing is required or granted. Upon failure of a court to enter a ruling

upon a motion within thirty (30) days *after it was heard* or (30) days after it was filed, if no hearing was required, the submission of such motion may be withdrawn, and the judge before whom the cause is pending may be disqualified therein; in which event, the case shall be transferred to a judge to be appointed by the Supreme Court, . . . ."

\* \* \*

"*(B) Procedure for withdrawing submission and procuring appointment of special judge.* Whenever the judge shall delay a ruling under this Trial Rule 53.1 or a decision under Trial Rule 53.2 beyond the time allowed, *the Clerk shall, upon the filing of a praecipe therefore by an interested party, determine if such ruling or decision has been so delayed, and if so, he shall forthwith give written notice to the judge and to the Supreme Court that the submission has been withdrawn under the provisions of this rule 53.1(B),* and such withdrawal and the disqualification of the judge shall be effective as of the time of the filing of the praecipe. At the time of filing any such praecipe, the Clerk shall enter the date and time of such filing in the praecipe book and shall also endorse the same upon the notices." (Our emphasis)

Hearings are contemplated by the rule so that if the trial judge within thirty (30) days sets the matter for a hearing (even though the hearing itself is not held within the thirty days), he has acted in a timely fashion. The hearing should be set at the earliest time possible and should not be used as a tool for extra delay. The hearing in this case was set for March 14, 1973, approximately two weeks after the order was entered. The trial judge then ruled upon the motion within thirty (30) days after the hearing. The hearing was therefore promptly set and the motion was ruled upon within the time limits of TR. 53.1.

Suburban's contention is that on February 8, 1973, it made separate motions under TR. 55(C) and TR. 60(B); that the trial judge set only the TR. 55 motion for hearing and never ruled upon the TR. 60 motion. However, the February 8 motion can only be read as one motion and not two separate motions. TR. 55(C) reads:

"A judgment by default which has been entered may be set aside by the court *for the grounds and in accordance with the provisions of Rule 60(B)."* (Our emphasis)

A TR. 55(C) motion cannot stand alone, but is always made in conjunction with the provisions of TR. 60(B). Thus, when the TR. 55(C) motion is heard, it necessarily entails a hearing on TR. 60(B) matters as well. The record can only be read to indicate that Suburban's February 8 motion contemplated but one motion and not two. That Suburban's February 8 motion was only intended as a single motion is clear from its title:

"Motion of Defendants Indiana Suburban Sewers, Inc., and Suburban Services, Inc. to Set Aside Default Judgment Entered December 20, 1972, for Good Cause Shown under Rule TR. 55(C), on Grounds and in Accordance with Rule TR. 60(B), in Order to Allow Defendants to File Their Meritorious Defenses and to Have Their Day in Court."

We note that the title is "Motion" in the singular and not the plural, and the motion is worded almost exactly parallel to TR. 55(C). The motion is a TR. 55(C) motion, but on grounds and in accordance with TR. 60(B) as required by TR. 55(C). We hold that no separate TR. 60(B) motion was filed.

Since the TR. 55(C) motion was set for hearing promptly, Suburban's attempt to disqualify the trial judge was untimely. The Clerk of the Allen Circuit Court was correct in refusing to give written notice.

We might also note that some confusion arose as to the method of challenging the clerk when he refused to give notice under TR. 53.1(B). The clerk is charged under this rule with the ministerial duty to determine if a ruling or decision has been delayed beyond the time permitted under TR. 53.1. Although the duty is ministerial and not discretionary, the clerk is not required to give notice if the record affirmatively shows that no delay has occurred. IC 1971, 34-1-58-1 (Ind. Ann. Stat. § 3-2201 [1968 Repl.] reads in part:

"[W]rits of mandate may issue out of the Supreme Court of Indiana to any and all inferior courts compelling the performance of any duty enjoined by law upon such inferior courts ... ."

Thus, if a party filing a praecipe under TR. 53.1 is of the opinion that the clerk was erroneous in refusing to give notice, he should seek a Writ of Mandate from the Supreme Court of Indiana to compel the clerk to give notice and disqualify the judge. Through no fault of their own, Suburban was confused as to the appropriate procedure. We therefore have considered Suburban's "original action" on its merits.

Having determined that the Clerk of the Allen Circuit Court was correct in refusing to give notice because the tiral judge had not delayed a determination in violation of TR. 53.1, Suburban's original action is denied. The trial judge continues ·to have jurisdiction of the cause and may act accordingly.

The petitions to intervene are granted.

Original action denied.

Arterburn, C.J., DeBruler, Givan and Prentice, JJ., concur.

NOTE.—Reported in 296 N. E. 2d 660.