William ADAMS, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 1185S456.

Supreme Court of Indiana.

Aug. 31, 1987.

Susan K. Carpenter, Public Defender, Bev Cummings, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

In cause number CR78–248D, appellant was charged with Confinement, a Class B felony, Robbery, a Class B felony, Criminal Deviate Conduct, a Class A felony, and Rape, a Class A felony. In cause number CR78–249D, appellant was charged with Confinement, a Class B felony, Robbery, a Class B felony, and Rape, a Class A felony. In cause number CR78–287D, appellant was charged with Escape, a Class D felony.

On April 4, 1979, appellant entered a plea of guilty in all charges. Appellant was sentenced to fifty (50) years, fifty (50) years and four (4) years, all sentences to run consecutively. On January 14, 1985, appellant filed a *pro se* petition for post-conviction relief. Following a hearing, the trial judge found that at the time of accepting the plea of guilty the trial court did not advise appellant of the minimum possible sentence for the crime of escape, that he was waiving the right to require the State to prove his guilt beyond a reasonable doubt or that his sentence could be increased by the fact of a prior conviction or convictions. The trial court, however, further found that:

"[v]arious items of evidence available to the State of Indiana at the time of Petitioner's sentencing are no longer available.

    i. Photo display containing the Petitioner's photograph identified by the victims.

    ii. Fingerprints recovered during the investigation which were identified as the Petitioners.

    iii. Hold-up [sic] notes given to the victims.

iv. Notes similar to those given to the victims found on the Petitioner at the time of his arrest.

v. A handgun found on the Petitioner at the time of his arrest similar to the handgun used to rob the victims.

vi. Handwriting comparisons made of the various hold-up [sic] notes identifying it as the Petitioner's handwriting.

e. An oral admission made to Indianapolis Police Detective Jack Ohrberg is no longer available to the State of Indiana because Ohrberg is now deceased.

f. The detective assigned to investigate the cases against the Petitioner, in reliance on the Petitioner's admission of guilt, did not retain a file or any evidence related to this cause.

g. The Marion County Prosecutor's Office has not retained a file related to this cause.

h. The Indianapolis Police Department property room is no longer in custody of any of the various items of physical evidence originally held as evidence in this cause and has destroyed said items in reliance on the Petitioner's plea of guilty.

i. Another witness in this cause, Mr. Montgomery, is also now deceased.

j. The Marion County Prosecutor did not attempt to contact the Petitioner's victims for purposes of the post-conviction hearing but the State Public Defender did attempt to do so and was unable to locate either victim."

 Appellant claims his pleas of guilty in these three causes were not entered intelligently and voluntarily. Notwithstanding the findings of the trial judge that appellant was not informed directly by the trial court of some of his statutory rights, an examination of the record leads us to conclude that, under the standard set forth in *White v. State* (1986), Ind., 497 N.E.2d 893, appellant was in fact apprized of his various constitutional rights at the time of his sentence. However, such fact becomes a moot question in view of the finding of the court on the post-conviction relief petition that more than five (5) years had elapsed since appellant's conviction and that the evidence was no longer available for presentation at a second trial. This Court will not overturn the trial court's findings of laches. *Twyman v. State* (1984), Ind., 459 N.E.2d 705; *Gregory v. State* (1984), Ind., 463 N.E.2d 464.

The trial court is affirmed.

PIVARNIK and DICKSON, JJ., concur.

SHEPARD, C.J., concurs in result.

DeBRULER, J., dissents.