**Douglas W. WILLIAMS, Appellant (Plaintiff below),**

v.

**STATE of Indiana, Appellee (Defendant below).**

No. 45S03–9810–PC–602.

Supreme Court of Indiana.

Sept. 29, 1999.

Susan K. Carpenter, Public Defender of Indiana, John A. England, Deputy Public Defender, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Katherine L. Modesitt, Deputy

Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## ON PETITION TO TRANSFER

FRANK SULLIVAN, JR., Justice.

Douglas W. Williams filed for post-conviction relief 21 months (arguably five months) after the completion of his unsuccessful direct appeal. Later Williams unsuccessfully sought to withdraw the case from the post-conviction judge for failure to rule. The court ultimately dismissed on grounds of laches. We find that the court did not lose jurisdiction over the case but did err in finding that Williams waited an unreasonable length of time before filing.

### Background

A jury found Williams guilty of murder and this Court affirmed Williams's conviction on direct appeal. *Williams v. State*, 546 N.E.2d 1198, 1199 (Ind.1989). On June 4, 1990, approximately five months after the completion of his unsuccessful appeal, Williams filed a *pro se* petition for post-conviction relief with the help of another inmate. No action was taken on this petition by the post-conviction court. Williams subsequently withdrew this first petition on April 3, 1991, ten months after it had been filed.

Williams then filed a second *pro se* petition on October 23, 1991, approximately six-and-a-half months after the first petition was withdrawn and 21 months after completion of his appeal. Four years later, on October 20, 1995, now represented by the State Public Defender, the petition was amended. The post-conviction court held a hearing on January 17, 1996. When asked why he withdrew his first petition, Williams testified that a friend told him over the phone that another "veteran attorney friend" had reviewed it and said it was defective. Williams also testified that prior to his current incarceration for murder, he had never before been imprisoned. As a result, he was unfamiliar with the post-conviction remedy process and was not aware that he could amend his apparently faulty petition instead of withdrawing it and refiling. Also, he stated that during this time he "was under psychiatric care on psychotropic medication" and was unfamiliar with the prison law library. The remainder of the post-conviction hearing concerned the whereabouts and availability of former trial witnesses. At the conclusion of the January 17, 1996, hearing, the post-conviction court took the matter under advisement.

On June 4, 1996, Williams filed a motion requesting a ruling with the post-conviction court. On February 26, 1997, Williams filed a "lazy judge motion" pursuant to Ind. Trial Rule 53.2. The Clerk of the Lake Superior Court denied Williams's motion on the same day. On March 17, 1997, Williams filed a motion requesting the clerk to reconsider her decision.

Williams chose not to file an original action in this Court seeking a writ of mandate to compel the clerk to rule on his T.R. 53.2 motion. On April 8, 1997, over five-and-a-half years after Williams filed his second petition, the post-conviction court denied Williams's petition, finding that laches had barred his claim for post-conviction relief.

Williams appealed the post-conviction court's determination, and the Court of Appeals affirmed the court's finding as to laches; the Court of Appeals also determined that Williams was estopped from claiming that the post-conviction court lost jurisdiction by failing to rule on his petition within the 90–day limitation set forth by T.R. 53.2(A). *Williams v. State*, 699 N.E.2d 1151 (Ind.Ct.App.1998).

### Discussion

We agree with the Court of Appeals that Williams was estopped from claiming that the post-conviction court lost jurisdiction to rule on his petition. However, we disagree that laches barred Williams's post-conviction claims.

## I

■ Williams contends that the clerk erred in failing to withdraw his case from the trial court for a failure to comply with Ind. Trial Rule 53.2(A). As a result, Williams claims that the post-conviction court lost jurisdiction to rule on his petition.

■ Trial Rules 53.1 and 53.2 are intended to expedite proceedings by withdrawing cases from trial judges who have delayed their rulings beyond the specified period of time. *Osborne v. State*, 481 N.E.2d 376, 382 (Ind.1985).[1] Trial Rule 53.1 sets a 30–day limit for a trial court to set a hearing date on a motion or rule on a motion. Trial Rule 53.2, the focus of this appeal,[2] sets a 90–day limit for a trial court to hold a case under advisement and issue a final ruling. While we agree with Williams that each rule serves "a completely different purpose," we note that neither purpose is served by protracted appeals. Hence, the proper remedy for challenging the denial of a lazy judge motion under either rule is to seek a writ of mandate from this Court to compel the clerk to give notice and disqualify the judge. *State ex rel. Ind. Suburban Sewers, Inc. v. Hanson*, 260 Ind. 477, 480–81, 296 N.E.2d 660, 662 (1973) (T.R. 53.1 motion); *Strutz v. McNagny*, 558 N.E.2d 1103, 1109–10 (Ind.Ct.App.1990) (T.R. 53.1 motion) (quoting *Weber v. Electrostatic Eng'g, Inc.*, 465 N.E.2d 1152, 1153 (Ind.Ct.App.1984)), *transfer denied; Weber*, 465 N.E.2d at 1153 (T.R. 53.2 motion) (quoting *Hanson*, 260 Ind. at 480–81, 296 N.E.2d at 662).

■ Should a party choose not to follow this procedural course and allow the case to proceed to final judgment, the party is estopped from complaining that the original trial judge maintained jurisdiction over the case. *Weber*, 465 N.E.2d at 1154 (collecting cases); *cf. Strutz*, 558 N.E.2d at 1110 ("If Strutz somehow imagines that the existence of this remedy [under T.R. 53.1] is a basis for appeal to this court, he is sorely in error. The purpose of the lazy judge provision is to expedite litigation, hence the availability of the writ of mandate.").

In the present case, Williams filed his lazy judge motion with the clerk more than thirteen months after the evidentiary hearing that was held on January 17, 1996. In his motion, Williams requested that the clerk withdraw his case from the post-conviction court for its failure to rule within the 90–day limitation. The clerk refused Williams's praecipe to withdraw submission of his case. She concluded that a consistent reading of the lazy judge rules dictated that, because T.R. 53.1 does not apply to petitions for post-conviction relief, neither did T.R. 53.2.[3]

Instead of seeking a writ of mandate as required by this Court's decision in *Hanson* and the Court of Appeals's decisions in *Strutz* and *Weber*, Williams waited until an unfavorable judgment was entered denying him post-conviction relief. The post-conviction court never lost jurisdiction to rule on his petition. *See Lou Leventhal Auto Co. v. Munns*, 164 Ind.App. 368, 380, 328 N.E.2d 734, 742 (1975) ("[A]n interested party must follow the required procedure [under T.R. 53.2(A) ] since the expiration of time does not automatically remove

---

1. Upon withdrawal from the trial court under either motion, the clerk transfers the case to this Court for the appointment of a special judge. Trial Rule 53.1(E) outlines the clerk's ministerial duties in administering a party's request under both Rules.

2. The time limitation for ruling on a motion established under T.R. 53.1 does not apply to "a petition for post-conviction relief." T.R. 53.1(B)(4). Williams filed his motion under

T.R. 53.2, which at the time was silent on its application to petitions for post-conviction relief. *But see infra* note 3.

3. Our most recent amendment to the rules now affirmatively states that T.R. 53.2(A) applies to "a petition for post conviction relief." Ind. Trial Rule 53.2(A) (effective July 1, 1999). However, the provisions of T.R. 53.1 continue not to apply to post-conviction proceedings.

[the case] from the trial court's jurisdiction."). Thus, we agree with the Court of Appeals that Williams is now estopped from taking advantage of an error which he has caused by not following the proper procedural course for executing a lazy judge motion. *Williams*, 699 N.E.2d at 1154 (citing *Weber*, 465 N.E.2d at 1154).

## II

■■■ Williams also contends that the post-conviction court erred in finding his claims barred by the doctrine of laches. To prevail on a claim of laches the State has the burden of proving by a preponderance of the evidence, first, that Williams unreasonably delayed in seeking relief[4] and, second, that the State has been prejudiced by the delay. *Perry v. State*, 512 N.E.2d 841, 843 (Ind.1987); *Washington v. State*, 507 N.E.2d 239, 240 (Ind.1987); *Twyman v. State*, 459 N.E.2d 705, 712 (Ind.1984).

■■ In reviewing claims that evidence is insufficient to show laches, we do not reweigh the evidence nor judge the credibility of the witnesses. We consider only that evidence most favorable to the judgment, together with all reasonable inferences to be drawn therefrom. If the determination of the court is supported by substantial evidence of probative value, the judgment will be affirmed. *Woodford v. State* 544 N.E.2d 1355, 1356–57 (Ind.1989) (reversing post-conviction court in finding evidence of prejudice presented by State insufficient to sustain finding of laches) (citing *Washington v. State*, 507 N.E.2d 239 (Ind.1987)).

We have defined laches as " 'neglect for an unreasonable or unexplained length of time, under circumstances permitting diligence, to do what in law should have been done.' " *Perry*, 512 N.E.2d at 842 (quoting *Frazier v. State*, 263 Ind. 614, 616–17, 335 N.E.2d 623, 624 (1975)). We have also stated that " '[l]aches denotes a conscious indifference or procrastination which is wholly absent in one whose knowledge is constructive only.' " *Id.* at 844 (quoting *Miladin v. Istrate*, 125 Ind.App. 46, 56, 119 N.E.2d 12, 18 (1954)).

We hesitate to disturb the lower courts' judgments especially in light of our statement in *Perry* that "consultation with attorneys and incarceration in a penal institution with legal facilities are ... facts from which the fact finder may infer knowledge." *Id.* at 845. However, the post-conviction court heard testimony that Williams had never before been in prison and was unfamiliar with the prison law library.[5] Furthermore, we previously recognized in *Perry* that a defendant's knowledge and acquiescence is "not really a

---

4. Relevant to establishing this first element of laches is a defendant's knowledge of (and possible acquiescence in) a defect in his or her conviction or of the means to seek relief from the conviction. *Perry v. State*, 512 N.E.2d 841, 843 (Ind.1987).

5. In denying Williams's first petition, the court noted in its Findings of Fact that Williams "declined the services of the Indiana Public Defender" when he filed his first petition for post-conviction relief. (R. at 45.) The evidence adduced at Williams's post-conviction hearing does not support this finding: in response to the court's questioning as to whether he noticed printing on the petition form, which stated that he had a right to request the assistance of a public defender, Williams first responded, "No." (R. at 89.) Thereafter, the following colloquy between the court and Williams ensued:

Q: But did you read the form prior to signing it?

A: Yes, but the only thing I remember is I had to sign a petition waiving the public defender's office to get the transcripts, so therefore I didn't think that I was entitled to—

Q: When did you request your transcripts?

. . .

[A series of questions followed which were designed to elicit submission dates of various documents.]

. . .

Q: Okay, so you filed your—you requested the record of proceedings in May of 1990, you filed your PCR in June of 1990, and then you signed the waiver of representation of the state public defenders' office after June of 1990, is that right?

A: Yes.

Q: So at the time you signed the petition you hadn't waived your right to the state public defenders' office, is that right?

A: I really don't know.

separate, third requirement," *id.* at 843, from the two-part test requiring (1) unreasonable delay and (2) prejudice to the State. Rather, it is a factor to be weighed in determining whether delay was unreasonable.

The gist of the first requirement is still unreasonable *delay* or an " 'unreasonable or unexplained length of time' " to do what the law requires. *Id.* at 842 (quoting *Frazier*, 263 Ind. at 616–17, 335 N.E.2d at 624). We hold the evidence here insufficient to establish that the delay in this case is "neglect for an unreasonable length of time" that supports a finding of "laches denot[ing] a conscious indifference or procrastination." We reach this result after considering that Williams's first petition was filed within six months of his appeal being denied; that this first petition was on file for ten months without the post-conviction court requiring that any further action be taken—this period of time constituting nearly half of the "unreasonable delay" in this case; [6] and that his second petition was filed within seven months of the first petition being withdrawn.

### Conclusion

Notwithstanding our determination that Williams is currently not entitled to relief under T.R. 53.2, we grant transfer, vacate the opinion of the Court of Appeals pursuant to Indiana Appellate Rule 11(B)(3), and remand this case to the post-conviction court as the State failed to establish by a preponderance of the evidence that Williams unreasonably delayed in seeking relief.

SHEPARD, C.J., and DICKSON, SELBY, and BOEHM, JJ., concur.

(R. at 89–91.) At a minimum, we find this testimony supports the inference that Williams did not knowingly "decline[ ] the services of the Indiana Public Defender" when he filed his first petition for post-conviction relief.

6. Because we find that Williams did not unreasonably delay in seeking his relief, we do not reach the issue of whether the post-conviction court correctly determined that the State was prejudiced by the inability to locate two essential witnesses.