**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**ANTHONY RAY WILLOUGHBY**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW FALK**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY RAY WILLOUGHBY, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1307-PC-375 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Mark D. Stoner, Judge
Cause No. 49G06-8811-PC-133783

**June 30, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Anthony Ray Willoughby appeals the post-conviction court's denial of his petition for post-conviction relief. Willoughby raises three issues for our review, which we consolidate and restate as whether the post-conviction court's judgment that Willoughby's petition for post-conviction relief was barred under the doctrine of laches is clearly erroneous. We affirm.

## FACTS AND PROCEDURAL HISTORY

On October 6, 1988, the State filed a delinquency petition against Willoughby in which the State alleged that Willoughby had committed burglary, as a Class B felony when committed by an adult. Thereafter, the State filed a motion to waive juvenile jurisdiction over Willoughby and have him tried in adult court. The juvenile court held a hearing on the State's motion, after which the court granted the motion. Following the transfer of the action into the adult court, on March 10, 1989, Willoughby, then represented by counsel, entered into a written plea agreement with the State in which he agreed to plead guilty to burglary, as a Class B felony. The court imposed a six-year suspended sentence, with three years suspended to probation.

On July 17, 1990, the trial court revoked Willoughby's probation and ordered him to serve his previously suspended sentence in the Department of Correction. On October 19, at Willoughby's request the court modified his sentence and committed him to five years to be served in Marion County Community Corrections. Between October 31, 1990, and May 12, 2004, Willoughby, either pro se or through counsel, filed numerous documents and requests with the trial court, including a petition for post-conviction relief

2

filed on November 8, 2002. Several of these filings were made while Willoughby was incarcerated.

Between May 27, 2004, when the trial court denied one of Willoughby's motions, and December 21, 2009, Willoughby took no action on his petition for post-conviction relief. On December 21, 2009, Willoughby filed an amended petition for post-conviction relief. Aside from counsel for Willoughby filing an appearance and then later withdrawing, Willoughby took no action on his amended petition until January 16, 2013, when he filed a second amended petition for post-conviction relief.

The post-conviction court held an evidentiary hearing on Willoughby's second amended petition for post-conviction relief on February 21, 2013. At that hearing, the State asserted the affirmative defense of laches. In support of its affirmative defense, the State submitted affidavits from Erin Cronley, a paralegal in the Marion County Prosecutor's Office, and Tom Dalton, a former detective with the Indianapolis Metropolitan Police Department who retired in 1999. According to Cronley, she was not able to locate Deputy Robert Hamblin, one of the officers who had investigated the underlying burglary, although Cronley stated that Detective Dalton had told her Deputy Hamblin was ill. Cronley further testified that she was unable to locate the victim of the burglary, Margaret Houston, or any of the three civilian witnesses for the State. Detective Dalton, another investigating officer, testified that he had no recollection of this case, that he no longer has any files or notes relating to this case, and that he would not be able to identify Willoughby.

On July 1, 2013, the post-conviction court denied Willoughby's petition for post-conviction relief on the basis that Willoughby's petition was barred by the doctrine of laches. In relevant part, the court concluded as follows:

44.     Willoughby has not given the Court any justification for the delay in filing his petition. Because of this delay, coupled with the more than ten-year delay in bringing his petition to hearing, the victim and other witnesses cannot be located and the detective who investigated the case and testified at the waiver hearing has no recollection of the facts of the case. The likelihood of successful re-prosecution under these circumstances [is] materially diminished, if not virtually impossible.

45.     Willoughby had continued contacts with the trial court following his sentencing hearing. He returned to court, with counsel, for his probation violation hearing some sixteen months later and had his sentence modified three months thereafter. Less than two weeks after his sentence modification, Willoughby, pro se, requested a copy of the record of proceedings from the guilty plea and sentencing hearing. In July of 1991, Willoughby filed a pro se motion to reinstate his probation. At his request, a second copy of the guilty plea and sentencing transcript was sent to him in March of 1995.

46.     . . . [T]he Court concludes that Willoughby unreasonably delayed in seeking relief and the State is prejudiced by this delay. The Court concludes that the State has successfully met its burden of proving laches.

47.     Accordingly, the Court declines to address the merits of Willoughby's three claims for relief.

Appellant's App. at 32-33. This appeal ensued.

**DISCUSSION AND DECISION**

Willoughby appeals the post-conviction court's denial of his petition for post-conviction relief.[1] As our Supreme Court has explained:

The equitable doctrine of laches operates to bar consideration of the merits of a claim or right of one who has neglected for an unreasonable time,

---

[1] It is of no moment that Willoughby appeals pro se. It is well established that this court holds pro se litigants to the same standards as licensed lawyers. See, e.g., Payday Today, Inc. v. McCullough, 841 N.E.2d 638, 640 n.2 (Ind. Ct. App. 2006).

4

under circumstances permitting due diligence, to do what in law should have been done. For laches to apply, the State must prove by a preponderance of the evidence that the petitioner unreasonably delayed in seeking relief and that the State is prejudiced by the delay. For post-conviction laches purposes, prejudice exists when the unreasonable delay operates to materially diminish a reasonable likelihood of successful re-prosecution.

Because the State had the burden of proving laches as an affirmative defense, [the petitioner] is not appealing from a negative judgment, and the applicable standard of review requires that we affirm unless we find that the judgment was clearly erroneous. This is a review for sufficiency of evidence. Without reweighing the evidence or assessing the credibility of witnesses but rather looking only to the evidence and reasonable inferences favorable to the judgment, we will affirm if there is probative evidence to support the post-conviction court's judgment.

Armstrong v. State, 747 N.E.2d 1119, 1120 (Ind. 2001) (citations omitted).

On appeal, Willoughby first asserts that the trial court's judgment is clearly erroneous because the State did not present sufficient evidence to show that it had conducted an adequate investigation into "the condition of existing evidence and records[] and the availability and condition of their witnesses." Appellant's Br. at 22.[2] "The State has an obligation to use due diligence in its investigation of the availability of evidence and witnesses." Washington v. State, 507 N.E.2d 239, 240 (Ind. 1987). Here, Cronley testified that she reviewed Willoughby's original file and "attempted to contact each witness." State's Exh. 1 at 1. In particular, Cronley stated that, on November 16 and again on December 1, 2010, she attempted to contact Deputy Hamblin but received no response. She then stated that, on December 1, Detective Dalton told her that Deputy Hamblin was "ill." Id. It appears that Cronley did not ask Detective Dalton how she

---

[2] The State does not clearly respond to this argument in its brief on appeal.

might contact Deputy Hamblin, nor did she attempt to contact Deputy Hamblin through Detective Dalton. Id.

But Cronley also stated that she had "attempted to locate the civilian witness[es] by researching records from the Bureau of Motor Vehicles website, Law Enforcement Police Reports and the Justis Information System for Marion County/Indianapolis." Id. She testified that she mailed correspondence "to the most recently listed address for Margaret Houston," the victim in the underlying offense, to no avail. Id. at 2. Cronley was "unable to locate or make any contact" with any of the civilian witnesses and "was unable to locate any personal identifiers" for them that would allow her to locate them through another method. Id. at 2.

While Cronley did not contact Deputy Hamblin through Detective Dalton or otherwise inquire with Detective Dalton as to how to best contact Deputy Hamblin, nonetheless Cronley's affidavit demonstrates a diligent—and wholly unsuccessful—attempt to locate and contact the civilian witnesses. And the inability to locate or contact those witnesses is clearly prejudicial to the State's ability to reprosecute Willoughby. Thus, we are not persuaded that the State's investigation into the availability of evidence and witnesses demonstrates reversible error.

Willoughby next asserts:

when the State has a recorded confession in its arsenal of evidence, the State should not be able to successfully raise the affirmative defense of laches based on claims that one of the original investigating officer's memory has faded, the second investigating officer is reported to be ill and not readily available, and other witness[es] . . . are reported to be unavailable.

Appellant's Br. at 29. But among Willoughby's allegations in his second amended petition for post-conviction relief are that his trial counsel rendered ineffective assistance when he failed to investigate the State's underlying allegation of burglary; that, if his counsel had properly investigated the allegation, he would have realized that the State "charged [Willoughby] with a burglary that never happened" and the juvenile court would not have waived jurisdiction over Willoughby; and that, because of his counsel's purported failure, Willoughby did not enter into his guilty plea knowingly, intelligently, and voluntarily[3] and the trial court did not have jurisdiction to accept his guilty plea. See Appellant's App. at 60-61.

The result of this sequence of arguments is to have Willoughby's guilty plea declared invalid. This vitiates his argument that his guilty plea renders the State's other evidence meaningless in the event of a reprosecution. Thus, Willoughby's argument here is without merit.

Finally, Willoughby asserts that the trial court's conclusion that Willoughby unreasonably delayed in filing his petition for post-conviction relief is clearly erroneous.[4] "[M]ere passage of time alone is not enough" to demonstrate an unreasonable delay

---

[3] To be sure, the phrase "knowingly, intelligently, and voluntarily" does not appear in Willoughby's pro se second amended petition, but it is clear that this is the effect of his argument.

[4] Because we affirm the post-conviction court's judgment with respect to the unreasonable delay between Willoughby's conviction and the original filing of his petition for post-conviction relief, we need not consider whether it was proper for the court to consider the delay between the filing of Willoughby's petition and the evidentiary hearing.

Also, embedded in this argument Willoughby asserts that the State waived its defense of laches because it "made no arguments" and "offered no evidence" in support of its defense. Appellant's Br. at 37-38. These assertions have no basis in the record and we do not consider them. Likewise, insofar as Willoughby attempted to raise any arguments in either of his briefs other than those discussed in this decision, those arguments are not supported by cogent reasoning and are waived. Ind. Appellate Rule 46(A)(8)(a).

under the doctrine of laches. Edwards v. State, 676 N.E.2d 1087, 1090 (Ind. Ct. App. 1997), trans. denied. Rather, the delay must result from "a conscious indifference or procrastination." Williams v. State, 716 N.E.2d 897, 902 (Ind. 1999). "Relevant to establishing this . . . element of laches is a defendant's knowledge of (and possible acquiescence in) a defect in his or her conviction or the means to seek relief from that conviction." Id. at 901 n.5. Further, "[r]epeated contacts with the criminal justice system, consultation with attorneys[,] and incarceration in a penal institution with legal facilities are all facts from which the fact finder may infer knowledge." Perry v. State, 512 N.E.2d 841, 845 (Ind. 1987). Ultimately, the State must "present some objective facts from which the court may draw a reasonable inference of knowledge." Id.

The post-conviction court's conclusion that Willoughby unreasonably delayed in filing his original petition for post-conviction relief is not clearly erroneous. Willoughby pleaded guilty to burglary on March 10, 1989, and on November 8, 2002, more than thirteen years later, he filed his petition for post-conviction relief, in which he would ultimately assert that the burglary "never happened." See Appellant's App. at 60. A reasonable inference from Willoughby's guilty plea is that he knew as of March 10, 1989, whether the burglary to which he had pleaded guilty actually happened.

Further, over the ensuing thirteen years, the following events occurred before Willoughby finally filed his petition for post-conviction relief: on July 17, 1990, the trial court revoked Willoughby's probation and ordered him to serve his previously suspended sentence in the Department of Correction; on October 19, 1990, at Willoughby's request the court modified his sentence and committed him to five years to be served in Marion

8

County Community Corrections; on October 31, 1990, Willoughby filed a pro se request for a copy of the record of the proceedings, which he received; on July 18, 1991, Willoughby filed a pro se motion to reinstate probation, which the court denied the same day; and on March 15, 1995, Willoughby again requested a copy of the record of the proceedings, which he again received. In other words, Willoughby had repeated contacts with the trial court and criminal justice system, and he twice received copies of the record of the proceedings in the underlying matter.

A reasonable inference from these objective facts is that, at the latest, Willoughby had knowledge of any defects in his conviction by March 15, 1995. Still, it was more than seven years after that date that Willoughby filed his petition for post-conviction relief. Thus, the State presented sufficient evidence to demonstrate that Willoughby unreasonably delayed in filing his petition for post-conviction relief. We cannot say that the post-conviction court erred when it entered judgment for the State on its affirmative defense of laches, and the post-conviction court's judgment is affirmed.

Affirmed.

VAIDIK, C.J., and BROWN, J., concur.