

FILED

Dec 21 2018, 9:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Kevin C. Munoz
Emma Jo Ann Mahern
Munoz Legal, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Romana Balderas, <br> *Appellant-Petitioner,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Respondent* | December 21, 2018 <br><br> Court of Appeals Case No. <br> 17A-PC-3014 <br><br> Appeal from the Clinton Circuit Court <br><br> The Honorable Bradley K. Mohler, Judge <br><br> Trial Court Cause No. <br> 12C01-1705-PC-444 |

**Baker, Judge.**

Romana Balderas appeals the post-conviction court's denial of her petition for post-conviction relief after Balderas pleaded guilty to conspiracy to commit forgery, a Class C felony. Balderas argues that the laches defense does not apply to her case and that her trial counsel provided ineffective assistance pursuant to *Padilla v. Kentucky*, 559 U.S. 356 (2010), by not advising her of the severe deportation consequences that could accompany a guilty plea. Finding that laches bars Balderas's case, we affirm.

# Facts[1]

On January 5, 2005, a confidential informant working with the Indiana State Police sold Balderas a fake Social Security card and a woman's resident alien ID card for $200. At the time, Balderas was not yet a lawful, permanent resident in the United States. On January 11, 2005, the State charged her with two counts of Class C felony conspiracy to commit forgery and one count of Class C felony corrupt business influence. While her criminal case was pending, Balderas worked with an immigration attorney to become a lawful, permanent resident.

On March 15, 2006, Balderas pleaded guilty to one count of Class C felony conspiracy to commit forgery pursuant to a written plea agreement. In exchange for pleading guilty, the State dismissed the other charges. If found

---

[1] We held oral argument for this case on December 3, 2018, in Indianapolis. We thank both parties for their stimulating conversations and willingness to answer our questions.

guilty at trial, Balderas could have been sentenced up to eight years for each Class C felony count with a potential aggregate sentence of twenty-four years.[2] Balderas claims that at some point, she informed her criminal attorney that she was not a lawful, permanent resident and that her attorney did not advise her of the severe deportation consequences that accompany a guilty plea.

[4] The trial court sentenced her to a two-year term fully suspended to probation. The State, thinking the case was completed, returned Balderas's property and destroyed pertinent evidence such as recordings, cassette tapes, and photographs. The State retained only photocopies of certain documents. Balderas became a lawful, permanent resident in March 2015 after marrying her husband, a U.S. citizen.

[5] On April 28, 2017, Balderas filed a petition for post-conviction relief, arguing that her trial counsel was ineffective for not advising her that she could be deported if she pleaded guilty. She also claims that she would not have pleaded guilty had she known this information. Though Balderas has not been deported, she is at risk of deportation if Immigration and Customs Enforcement (ICE) brings an action against her.

[6] At the post-conviction hearing, the State raised the defense of laches and claimed that it would be prejudiced because Balderas waited almost twelve years before she petitioned for post-conviction relief. Additionally, the State had

---

[2] Ind. Code § 35-50-2-6(a).

already destroyed key evidence that it would need to defend against a post-conviction action. The post-conviction court denied Balderas's petition for post-conviction relief, agreeing with the State that laches barred her action from proceeding.

[7] The post-conviction court further held that Balderas's claim for ineffective assistance of counsel fails because (1) even if the criminal attorney did not warn her about the deportation consequences, surely the immigration attorney did; (2) Balderas's testimony that she would not have pleaded guilty had she known about the deportation consequences was not enough to show prejudice; (3) the State had ample evidence with which to convict Balderas had she gone to trial; and (4) Balderas received a better bargain by pleading guilty. Balderas now appeals.

# Discussion and Decision

[8] Balderas argues that the post-conviction court erroneously denied her petition for post-conviction relief, claiming that laches does not bar her case from proceeding. She also argues that the *Padilla* standard for ineffective assistance of counsel should be retroactively applied to her case.

[9] "A petitioner appealing the denial of post-conviction relief stands in the position of one appealing from a negative judgment." *Mauricio v. State*, 941 N.E.2d 497, 498 (Ind. 2011). The petitioner seeking review of a denial of post-conviction relief must show that the evidence, taken as a whole, "leads

unerringly and unmistakably to a conclusion opposite that reached by the trial court." *Henley v. State*, 881 N.E.2d 639, 643-44 (Ind. 2008).

[10] Balderas first argues that the post-conviction court erroneously found that laches bars her from seeking relief. We note that Balderas did not challenge the post-conviction court's laches reasoning in her initial appellate brief, which constitutes waiver of that argument. *See Bunch v. State*, 778 N.E.2d 1285, 1290 (Ind. 2002). However, because the argument is relevant to the appeal and because the waiver is of the procedural default variety, *id*., we choose to address it now.

[11] Our Supreme Court defines the equitable doctrine of laches as:

> . . . the neglect for an unreasonable or unexplained length of time, under circumstances permitting diligence, to do what in law should have been done. It is an implied waiver arising from knowledge of existing conditions and an acquiescence in them, the neglect to assert a right, as taken in conjunction with the lapse of time, more or less great, and other circumstances causing prejudice to the adverse party and thus operating as a bar in a court of equity.

*Perry v. State*, 512 N.E.2d 841, 842 (Ind. 1987). To raise a successful laches defense, the State had to prove by a preponderance of the evidence that Balderas unreasonably delayed in seeking relief and that the State has been prejudiced by the delay. *Williams v. State*, 716 N.E.2d 897, 901 (Ind. 1999). On review, we do not reweigh the evidence or judge the credibility of the witnesses. *Id*. We only consider evidence that is most favorable to the judgment, together with all inferences drawn from that judgment. *Id*.

[12] First, we find that the State proved that Balderas unreasonably delayed filing her petition for post-conviction relief. Nearly twelve years passed from the time Balderas originally pleaded guilty (2005) to the moment when she petitioned for post-conviction relief (2017). We and our Supreme Court have held that such a length of time can constitute an unreasonable delay warranting the application of laches. *See, e.g., Ware v. State*, 567 N.E.2d 803, 805 (Ind. 1991) ("nearly ten years"); *Adams v. State*, 512 N.E.2d 404, 405 (Ind. 1987) ("more than five years"); *Oliver v. State*, 853 N.E.2d 581, 587-88 (Ind. Ct. App. 2006) (ten years). Balderas has not offered a credible explanation for the twelve-year delay. Though she claims that, at the time of her criminal proceedings, she was not aware of her attorney's potential duty to inform her about deportation consequences, she nonetheless continuously faced the risk of deportation and had more than a decade to petition for relief. The post-conviction court did not err by finding that the delay was unreasonable.

[13] Second, the State proved by a preponderance of the evidence that it was prejudiced by the delay. Though the State retained some photocopies of documents it used in Balderas's original prosecution, it has already destroyed and/or returned significant evidence such as recordings, cassette tapes, and photographs. *See Stewart v. State*, 548 N.E.2d 1171, 1176 (Ind. Ct. App. 1990) (holding that the State was prejudiced by delay where it no longer has all the evidence needed to prosecute defendant). Moreover, significant time has passed since the State initially prosecuted Balderas, so witnesses' memories may have faded, priorities may have changed, and the State's resources may have shifted

to more pressing criminal matters. Thus, we find that the unreasonable delay prejudiced the State, that the post-conviction court's application of laches was not erroneous, and that Balderas is not entitled to relief.[3]

[14]    The judgment of the post-conviction court is affirmed.

May, J., and Robb, J., concur.

---

[3] Because we find that laches operates as a bar to Balderas's case, we need not address her other arguments. We note briefly, however, that deciding whether *Padilla* retroactively applies to Indiana state criminal cases is unnecessary. In *Segura v. State*, 749 N.E.2d 496 (Ind. 2001), our Supreme Court established a duty for attorneys to advise a client about deportation consequences before pleading guilty, well before the United States Supreme Court decided *Padilla* in 2010. Therefore, this obligation already existed in Indiana; to determine *Padilla*'s retroactivity would be a redundant exercise.