

FILED

Mar 13 2019, 9:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT, PRO SE

Michael R. Jent
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael R. Jent,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 13, 2019

Court of Appeals Case No.
18A-PC-785

Appeal from the Allen Superior
Court

The Honorable David M. Zent,
Judge

Trial Court Cause No.
02D06-1711-PC-107

**Pyle, Judge.**

## Statement of the Case

Michael Jent ("Jent"), pro se, appeals the post-conviction court's order denying his petition for post-conviction relief. Concluding that Jent has failed to show

that the post-conviction court erred by denying his petition for post-conviction relief, we affirm the post-conviction court's judgment.

We affirm.

## Issue

Whether the post-conviction court erred by summarily denying Jent's petition for post-conviction relief.

## Facts

In November of 2002, the State charged Jent with Class A misdemeanor invasion of privacy, Class A misdemeanor interfering with the reporting of a crime, Class B misdemeanor public intoxication, and Class B misdemeanor disorderly conduct. The trial court held an initial hearing, during which it advised Jent of his constitutional rights, which he waived. At the hearing, Jent also pled guilty to all four misdemeanors and was sentenced to 365 days of unsupervised probation.

Fifteen years later, in November of 2017, Jent filed a petition for post-conviction relief ("PCR"). Jent alleged that his guilty plea was not knowingly made, that there was an insufficient factual basis to support his guilty plea, and that he was denied the assistance of guilty plea counsel. Jent further alleged that on the date of his hearing, he "went to court while he was still intoxicated." (App. 10). In its answer, the State argued that Jent's issues were waived by his guilty plea. The State also argued that his allegations did not create a genuine

issue of material fact because they did not allege specific facts which, if proved, would suffice to establish any grounds for post-conviction relief. The State further asserted that Jent's claims were "barred by laches in that he has unreasonably delayed in seeking post-conviction relief." (App. 19).

On March 1, 2018, the post-conviction court summarily denied relief, stating: "[t]he Court does not find merit to Mr. Jent's claims. Additionally, Mr. Jent [pled] guilty in the criminal case in question on November 27, 2002. The court notes the unreasonable delay in filing the Petition." (App. 7). Later, the court reporter filed an affidavit, stating that she had been requested to prepare Jent's guilty plea hearing transcript. She explained that the transcript was not available because Indiana destroys misdemeanor records after ten years. Jent now appeals.

# Decision

Jent appeals from the post-conviction court's order summarily denying post-conviction relief. Our standard of review in post-conviction proceedings is well-settled.

> We observe that post-conviction proceedings do not grant a petitioner a "super-appeal" but are limited to those issues available under the Indiana Post-Conviction Rules. Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5). A petitioner who appeals the denial of PCR faces a rigorous standard of review, as the reviewing court may consider only the evidence and the reasonable inferences supporting the judgment of the post-conviction court. The appellate court must accept the post-

conviction court's findings of fact and may reverse only if the findings are clearly erroneous. If a PCR petitioner was denied relief, he or she must show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court.

*Shepherd v. State*, 924 N.E.2d 1274, 1280 (Ind. Ct. App. 2010) (internal citations omitted), *trans. denied*.

[7] Jent maintains that the post-conviction court erred by denying his petition for post-conviction relief. He argues that "the State failed to present evidence to support their claim of laches, or unreasonable delay and that the delay caused prejudice[.]" (Jent's Br. 14). We disagree.

[8] Our Indiana Supreme Court has explained our standard of review in a laches case as follows:

> The equitable doctrine of laches operates to bar consideration of the merits of a claim or right of one who has neglected for an unreasonable time, under circumstances permitting due diligence, to do what in law should have been done. For laches to apply, the State must prove by a preponderance of the evidence that the petitioner unreasonably delayed in seeking relief *and* that the State is prejudiced by the delay. For post-conviction laches purposes, prejudice exists when the unreasonable delay operates to materially diminish a reasonable likelihood of successful re-prosecution.

> Because the State ha[s] the burden of proving laches as an affirmative defense, [a post-conviction petitioner does] not appeal[ ] from a negative judgment, and the applicable standard of review requires that we affirm unless we find that the judgment was clearly erroneous. This is a review for sufficiency of evidence. Without reweighing the evidence or assessing the credibility of witnesses but rather looking only to the evidence and reasonable inferences favorable to the judgment, we will affirm if there is

probative evidence to support the post-conviction court's judgment.

*Armstrong v. State*, 747 N.E.2d 1119, 1120 (Ind. 2001) (internal citations omitted) (emphasis added).

[9] Our review of the record and the inferences favorable to the judgment reveals that Jent unreasonably delayed in filing his petition for post-conviction relief. Jent pled guilty in 2002 and petitioned for post-conviction relief in 2017. Although lapse of time does not in and of itself constitute laches, a long delay in filing for post-conviction relief may be sufficient to infer that the delay was unreasonable. *Kindred v. State*, 514 N.E.2d 314, 317 (Ind. Ct. App. 1987), *reh'g denied*, *trans. denied*. Fifteen years passed from the time Jent originally pled guilty to his misdemeanor offenses to the time when he petitioned for post-conviction relief. Our appellate court and our Supreme Court have held that such a length of time can constitute an unreasonable delay warranting the application of laches. *See, e.g.*, *Ware v. State*, 567 N.E.2d 803, 805 (Ind. 1991) (ten-year filing delay); *Oliver v. State*, 843 N.E.2d 581, 587-88 (Ind. Ct. App. 2006) (ten-year filing delay), *trans. denied*; *Kindred*, 514 N.E.2d at 317 (sixteen-year filing delay). The post-conviction court did not err by finding that Jent unreasonably delayed in filing his petition.

[10] Concerning whether the State was prejudiced by Jent's unreasonable delay, we take note of the completion of clerk's record, which states that no transcript of the original hearing exists. *See* Ind. Appellate Rule 27 (providing that "[t]he Record on Appeal shall consist of the Clerk's Record and all proceedings before

the trial court or Administrative Agency, whether or not transcribed or transmitted to the Court on Appeal[]"). Additionally, the court reporter filed an affidavit, which stated that the transcript in this case was not available because misdemeanor records in Indiana are only kept for ten years and then destroyed. Our case law makes clear that the destruction of documents can be prejudicial to the State and support an affirmative defense of laches. *See*, *e.g.*, *Balderas v. State*, -- N.E.3d --, No. 17A-PC-3014, 2018 WL 67139, *3 (Ind. Ct. App. Dec. 21, 2018) (citing *Stewart v. State*, 548 N.E.2d 1171, 1176 (Ind. Ct. App. 1990) (holding that the State was prejudiced by delay where it no longer has all the evidence needed to prosecute defendant), *reh'g denied*, *trans. denied*).

[11] It should be noted that the State failed to present evidence to the post-conviction court in its pleadings alleging the specific prejudice it suffered by Jent's unreasonable delay. *See* Ind. Post-Conviction Rule 1(4)(f). Normally, this would require reversal of the post-conviction court's order under summary disposition and a remand for further proceedings. However, this would be an unnecessary and unwarranted waste of judicial resources when the result will be the same – the case would be remanded, the post-conviction court would deny Jent's PCR petition after finding the State prejudiced by the destruction of transcripts after Jent's unreasonable delay, Jent would likely appeal, and we would affirm. *See* App. R. 66(A). Thus, we conclude that the unreasonable delay of fifteen years prejudiced the State. Accordingly, Jent has failed to show that the evidence as a whole leads unerringly and unmistakably to an opposite conclusion than that reached by the post-conviction court.

Affirmed.

Najam, J., and Crone, J., concur.